IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHIE COOPER and GAIL COOPER, § | | |
| *Plaintiffs,* § | | |
| § | | |
| § | | |
| V. § | CIVIL ACTION NO. _____ | |
| § | (Harris County Cause No. 2025-62686) | |
| MASSACHUSETTS MUTUAL LIFE § | | |
| INSURANCE COMPANY, JPMORGAN § | | |
| CHASE BANK, N.A., UMB BANK, N.A., § | | |
| and MICHAEL OLARIO § | | |
| *Defendants* § | | |

## JPMORGAN CHASE BANK'S NOTICE OF REMOVAL

Defendant, JPMorgan Chase Bank, N.A. ("Chase Bank"), by counsel, removes this civil action from the 190th District Court of Harris County, Texas to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. As more fully explained herein, removal is proper because Chase Bank has satisfied the procedural requirements for removal, and this Court has subject-matter jurisdiction over this action pursuant to under 28 U.S.C. § 1332.

**I.**
**BACKGROUND AND TIMELINESS OF REMOVAL**

1.  On August 26, 2025, Plaintiffs, Richie Cooper and Gail Cooper, commenced an action against JPMorgan Chase Bank, N.A., Massachusetts Mutual Life Insurance Company ("MassMutual"), UMB Bank, N.A. ("UMB Bank"), and Michael Olario ("Mr. Olario") in the 190th District Court of Harris County, Texas.[1] Plaintiffs allege that in May of 2025 they reached an agreement with MassMutual to withdraw their funds from two annuity contracts that Plaintiffs had

---

[1] *See* **Exhibit A-2** – Plaintiffs' Original Petition.

previously purchased from MassMutual.[2] Upon receipt of the funds, Plaintiffs intended to deposit the funds into investment accounts.[3] In June of 2025, MassMutual issued and mailed two checks (No. 8040375094 and No. 8040374776) to Plaintiffs' home totaling $387,027.80, but the two checks were somehow intercepted before reaching Plaintiffs and deposited into individual checking accounts maintained by Chase Bank and owned by third parties who were also named Gail and Richie Cooper (but not the same Coopers as the Plaintiffs).[4] The two checks were paid by UMB Bank from the account of MassMutual.[5]

2.      With regards to Chase Bank, Plaintiffs allege that Chase Bank improperly negotiated and presented the two checks issued by MassMutual for payment to UMB Bank because of "forged endorsements" on the backs of the two checks.[6] Plaintiffs also allege that Chase Bank violated certain unidentified banking regulations by somehow improperly opening the accounts of the third party individuals not named herein who deposited the two checks issued by MassMutual.[7] With regards to Mr. Olario, Plaintiffs fail to identify any alleged duties owed or specific wrongful acts committed by Mr. Olario—most likely because Plaintiffs know that Mr. Olario had nothing to do with either the opening of the third-party individual checking accounts or the negotiation/deposit of the two subject checks. Regardless, Plaintiffs seek reimbursement of the funds associated with the two checks taken by the third parties also named Gail and Richie Cooper from MassMutual, Chase Bank, Mr. Olario and/or UMB Bank.[8]

---

[2] *See* **Exhibit A-2** – Plaintiffs' Original Petition, Section 5 entitled, "Facts."
[3] *See id*. Plaintiffs' Petition incorrectly suggests that funds would be managed at "Chase Bank." *See id*. However, investment products and services are offered through J.P. Morgan Securities LLC, a registered broker-dealer and investment advisor, and non-party to this action.
[4] *See id*.; *see also* **Exhibit D** – Declaration of Mark Haygood, ¶¶ 3-4.
[5] *See id*., Sections 5 and 10.
[6] *See id*.
[7] *See id*., Section 8.; *see also* **Exhibit D** – Declaration of Mark Haygood, ¶¶ 3-4.
[8] *See id*., Section 11 entitled, "Damages."

3. Pursuant to LR81, all papers and matters filed in the state court are attached hereto as Exhibit A.

**Exhibit A-1:**  Harris County District Court's Detail Report

**Exhibit A-2:**  Plaintiffs' Original Petition

**Exhibit A-3**:  Letter requesting citations

**Exhibit A-4:**  Citation – Michael Olario

**Exhibit A-5:**  Citation – Massachusetts Mutual Life Insurance Company

**Exhibit A-6:**  Citation – UMB Bank, N.A.

**Exhibit A-7:**  Citation – Chase Bank

**Exhibit A-8:**  Citation Returned – JPMorgan Chase Bank, N.A.

**Exhibit A-9**:  Citation Returned – Michael Olario

**Exhibit A-10**: Citation Returned – Massachusetts Mutual Life Insurance Company

**Exhibit A-11**: Citation Returned – UMB Bank, N.A.

**Exhibit A-12**: Answer of UMB Bank, N.A.

**Exhibit A-13**: Answer of MassMutual

**Exhibit A-14**: Answer of Chase Bank

**Exhibit A-15**: Answer of Michael Olario

**Exhibit A-16**: Docket Control Order

**Exhibit A-17:** State Court Docket Sheet

A list of all counsel of record is attached as **Exhibit B**. The index to Chase Bank's Notice of Removal being filed is attached as **Exhibit C**.

4. Chase Bank was served via CT Corporation Systems on September 12, 2025.[9] MassMutual, UMB Bank, and Mr. Olario were all served on September 15, 2025.[10] This Notice of Removal is timely under 28 U.S.C. §1446(b) because the same was filed within thirty (30) days after receipt of the initial pleading by Chase Bank setting forth the claim for relief upon which the proceeding is based, excluding weekends and legal holidays per Rule 6(a)(1)(C). *See* FED. R. CIV. PROC. 6. Further, this Notice of Removal is filed within one year of the commencement of this action.

5. A Notice of Filing of Notice of Removal will be filed promptly with the District Clerk of the District Court of Harris County, Texas.

6. A copy of the Notice of Filing Notice of Removal will also be served upon counsel for the Plaintiffs and Defendants, together with a copy of this Notice of Removal, contemporaneously with filing the same with the District Clerk of the District Court of Harris County, Texas.

## II.
### VENUE

7. Venue is proper in this Court because this District and Division encompass the District Court of Harris County, Texas, the forum from which the case has been removed. *See* 28 U.S.C. §1441.

## III.
### THERE IS COMPLETE DIVERSITY AMONG THE PROPERLY JOINED PARTIES

8. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1332, as there is complete diversity of citizenship between the properly joined parties. Whether diversity exists in an action

---

[9] *See* **Exhibit A-8** – Citation Return for Chase Bank.
[10] *See* **Exhibit A-9** – Citation Return for Mr. Olario; **Exhibit A-10** – Citation Return for MassMutual; and **Exhibit A-11** – Citation Return for UMB Bank.

is determined by looking at the citizenship of each party at the time the petition was filed. *Ashford v. Aeroframe Servs.*, L.L.C., 907 F.3d 385, 386 (5th Cir. 2018). The citizenship of improperly joined defendants is irrelevant to the diversity inquiry.[11] *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Here, there is complete diversity among the properly joined parties in the case.

9.    Plaintiffs, Richie Cooper and Gail Cooper, are citizens of **Texas**. For purposes of diversity jurisdiction, an individual's citizenship is determined by the individual's domicile, which requires residency plus an intent to make the place of residency one's permanent home. *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). According to Plaintiffs' Petition, Plaintiffs, Richie Cooper and Gail Cooper, reside in Harris County, Texas.[12] Therefore, Plaintiffs are citizens of Texas.

10.    Defendant Chase Bank is a citizen of **Ohio**. Chase Bank is a national banking association organized and existing under the laws of the United States, with its main office in Columbus, Ohio. For purposes of diversity jurisdiction, a national banking association is a citizen of the state designated in its articles of association as the location of its main office. *See* 28 U.S.C. §1332(c); *Wachovia Bank, N.A. v. Daniel G. Schmidt, III*, 546 U.S. 303, 318 (2006); *Funkhouser & Smith, PPLC v. Huntington Nat'l Bank*, No. 1:25-CV-02, 2025 U.S. Dist. LEXIS 125772, at *2 (N.D. W. Va. July 2, 2025). Chase Bank's articles of association indicate the main office is in Columbus, Ohio. Thus, Chase Bank is a citizen of Ohio for diversity purposes.

11.    Defendant UMB Bank is citizen of **Missouri**. UMB Bank is also a national banking association organized and existing under the laws of the United States, and its articles of

---

[11] The terms "improper joinder" and "fraudulent joinder" are used interchangeably, and the Fifth Circuit has noted that "there is no substantive difference between the two terms," though "'improper joinder' is preferred." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004).
[12] *See* **Exhibit A-2 -** Plaintiffs' Original Petition, Section 3 entitled, "Parties."

association indicate the main office is in Kansas City, Missouri. Thus, UMB Bank is a citizen of Missouri for diversity purposes. *See Wachovia Bank, N.A.*, 546 U.S. at 318.

12. Defendant MassMutual is a citizen of **Massachusetts**. MassMutual is a mutual life insurance corporation organized under the laws of the Commonwealth of Massachusetts with its principal office and place of business in Springfield, Massachusetts. A corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019). A corporation's principal place of business depends on a determination of the corporation's nerve center. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). This may be the corporation's headquarters, but it may also be located elsewhere. *See id.* Thus, because MassMutual is both incorporated and headquartered in Massachusetts, MassMutual is a citizen of Massachusetts for diversity purposes.

13. Accordingly, there is complete diversity between the properly joined parties: Plaintiffs (Texas), Chase Bank (Ohio), MassMutual (Massachusetts), and UMB Bank (Missouri).

## IV.
### DEFENDANT MICHAEL OLARIO HAS NOT BEEN PROPERLY JOINED

14. The citizenship of Defendant, Michael Olario, is irrelevant because he has been improperly joined to this action as there is no reasonable basis for predicting recovery by Plaintiffs against Mr. Olario per the allegations and claims asserted in Plaintiffs' Original Petition and the mere theoretical possibility of recovery will not suffice to preclude removal. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199-200 (5th Cir. 2016).

**A.    Standard of Review**

15. To determine whether removal is proper and whether a defendant was improperly joined, the Court must examine the Plaintiffs' pleading at the time of the notice of removal and

cannot entertain new theories not raised in state court. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264-65 (5th Cir. 1995) (holding that jurisdiction is judged "on the basis of claims in the state court complaint as it exists at the time of removal"). The Fifth Circuit recognizes two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

16. A non-diverse party is improperly joined if the plaintiff is unable "to establish a cause of action against the non-diverse party in state court." *Id*. (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Thus, the test for improper joinder is whether there is "no possibility of recovery by the plaintiff against an in-state defendant," or put a different way, whether there is "no reasonable basis for [predicting recovery] against an in-state defendant." *Id*. The mere theoretical possibility of recovery against a resident defendant will not suffice to preclude removal. *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000). Instead, there must at least arguably be a reasonable basis for predicting that state law would allow recovery. *Smallwood*, 385 F.3d at 573.

17. The Fifth Circuit further directs that the Court should conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations in the Petition to determine whether it states a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. Further, removed state-court petitions are evaluated under the federal pleading standard. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 204 ("The Smallwood opinion instructs us to apply the Rule 12(b)(6)-type analysis, which must mean the entirety of that analysis. Because that analysis is inseparable from the federal pleading standard, this is an instruction to apply the federal pleading standard."). In certain circumstances, when it "appears that the plaintiff has misstated or omitted discrete facts that would

determine the propriety of joinder," the district court may pierce the pleadings and perform "a more detailed factual analysis" by examining evidence such as affidavits. *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 812-13 (5th Cir. 2021); *see also Cavallini*, 44 F.3d at 263 (5th Cir. 1995). This kind of "summary inquiry 'is appropriate only to identify the presence of discrete and undisputed facts that would preclude [the] plaintiff's recovery against the instate defendant.'" *Flagg v. Stryker Corp.*, 819 F.3d 132, 136-37 (5th Cir. 2016) (en banc) (alteration in original) (quoting *Smallwood*, 385 F.3d at 573-74).

18.  Here, Plaintiffs assert causes of action against Mr. Olario for conversion, negligence, and breach of the UCC's presentment and transfer warranties[13]—none of which provide a reasonable basis to predict that Plaintiffs will prevail against Mr. Olario based upon Plaintiffs' Petition, Texas law and the undisputed facts.

### B. The economic loss rule precludes Plaintiffs' tort claims for conversion and negligence against Mr. Olario.

19.  The economic loss rule precludes recovery in tort for economic losses resulting from a party's alleged failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy. *See Sharyland Water Sup. v. City of Alton*, 354 S.W.3d 407, 418 (Tex.2011). During the relevant time period as described by Plaintiffs in their Petition, the relationship between Plaintiffs and Chase Bank with respect to their "accounts with Chase [Bank] for over 30 years" is in fact governed by the contractual terms and conditions of the relevant Deposit Account Agreement ("DAA").[14] It is well-settled that banks do not have extracontractual duties to their depositors, and courts across the country do not permit plaintiffs to repackage contract claims as tort claims against bank employees. *See Mraz v. JPMorgan Chase Bank*, No.

---

[13] *See* **Exhibit A-2 -** Plaintiffs' Original Petition, Sections 6, 8 and 10.
[14] *See* **Exhibit H –** Deposit Account Agreement dated March 23, 2025; and **Exhibit I** – Deposit Account Agreement dated June 12, 2025.

17-cv-6380, 2018 WL 2075427, at *5 (E.D.N.Y. May 3, 2018) (denying plaintiffs' motion to remand and disregarding non-diverse Chase employees named as defendants as fraudulently joined because Chase Bank employees "did not owe Plaintiffs any duty independent of the contractual duties Chase owed Plaintiffs by virtue of the DAA.").

20. Further, Plaintiffs seek only economic damages as a result of the alleged wrongful acts and omissions of Mr. Olario in the form of the amount of the two subject checks, attorneys' fees, and interest.[15] Thus, because Plaintiffs' common law tort claims for conversion and negligence against Mr. Olario are untenable under Texas law pursuant to the economic loss rule, Plaintiffs cannot establish such causes of action against Mr. Olario as there is no reasonable basis to predict recovery.

### C. **Plaintiffs have no reasonable basis to predict recovery on their conversion claim against Mr. Olario.**

21. Even assuming the economic loss rule does not bar same Plaintiffs' claim for conversion, there is also no reasonable basis to predict that Plaintiffs will prevail on their claim for conversion because Mr. Olario never received the funds from the subject checks, much less wrongly exercised dominion or control of the funds, which is a necessary element for Plaintiffs to establish a cause of action for conversion. *See Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 367 (Tex. App.— Dallas 2009, pet. denied) (a claim for conversion requires proof of the wrongful exercise of control over the property of another). In fact, Plaintiffs' own allegations demonstrate that the funds were received by the third parties—not

---

[15] *See* **Exhibit A-2 -** Plaintiffs' Original Petition, Sections 11 ("Damages") and 12 ("Attorney Fees"). Further, Plaintiffs do not allege claims related to Mr. Olario's actions with respect to any investment account or investment activity, but if they were to attempt to do so, those claims are governed by the Investment Account Agreements and Disclosures Booklet, attached as **Exhibit J** and publicly available at https://www.chase.com/content/dam/chase-ux/documents/personal/investments/jpm-investment-account-agreements.pdf (last visited October 14, 2025).

Mr. Olario—who deposited the two subject checks into their accounts at Chase Bank.[16] Plaintiffs allege such facts because they know that Mr. Olario did not personally receive any of the funds associated with the two subject checks.[17] Further, even assuming Chase Bank could be found to have exercised control over the funds from the two checks deposited into the third parties' accounts, Mr. Olario cannot be held personally liable for Chase Bank's alleged conduct. *See Keyes v. Weller*, 692 S.W.3d 274, 280 (Tex. 2024) (holding that a company's employee cannot be personally liable for the torts committed by the company unless the employee willfully directs or participates in the tort).[18]

22.    In addition, Plaintiffs' conclusory allegations that Mr. Olario somehow wrongfully exercised control over the funds from the subject checks[19] with any supporting factual assertions as to how and when Mr. Olario supposedly received the funds from the subject checks cannot survive a Rule 12(b)(6) analysis. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). Finally, Plaintiffs' conversion claim also cannot survive a Rule 12(b)(6) analysis because a conversion claim based on money requires the additional allegation that the specific money at issue was delivered to Mr. Olario for safekeeping and intended to be kept segregated, substantially in the form in which it was received or as an intact fund, which Plaintiffs fail to do. *See O'Kane v. Sembritzky*, No. H-18-2728, 2020 U.S. Dist. LEXIS 143489, at *23 (S.D. Tex. Aug. 11, 2020) (dismissing conversion claim because plaintiffs did not establish

---

[16] *See* **Exhibit A-2 -** Plaintiffs' Original Petition, Section 8 ("Negligence – Chase and Olario").
[17] *See* **Exhibit E -** Declaration of Michael Olario, ¶¶ 5–7; see also **Exhibit D** – Declaration of Mark Haygood, ¶¶ 3-4.
[18] J.P. Morgan Securities, LLC, a non-party to this case, also cannot be liable for the alleged conduct at issue here. The subject checks were deposited into checking accounts maintained at Chase Bank, not investment or brokerage accounts maintained by J.P. Morgan Securities LLC. *See* **Exhibit D -** Declaration of Mark Haygood, ¶¶ 3-4.
[19] *See* **Exhibit A-2 -** Plaintiffs' Original Petition, Section 6 ("Cause of Action – Conversion").

that their money was intended to be kept separate). As a result, Plaintiffs do not even possess a theoretical possibility of prevailing on their conversion claim against Mr. Olario—much less a reasonable possibility of success. *See Smallwood*, 385 F.3d at 573.

### D. Plaintiffs also cannot establish a negligence claim against Mr. Olario.

23. Even assuming the economic loss rule does not bar same, Plaintiffs' claim for negligence against Mr. Olario also fails for a number of additional reasons. First, Plaintiffs do not specifically state what duty Mr. Olario allegedly owed to Plaintiffs or how such duty was breached.[20] Instead, Plaintiffs simply include Mr. Olario's name in their negligence allegations that specifically target how a New York Chase Bank branch, not Mr. Olario in Houston, negligently opened the accounts of the third parties with the same names as Plaintiffs and then negligently allowed the two subject checks to be deposited into said accounts.[21] Again, such conclusory allegations surrounding their claim for negligence against Mr. Olario without any supporting factual assertions specific to Mr. Olario cannot survive a Rule 12(b)(6) analysis. *See Taylor*, 296 F.3d at 378.

24. Chase Bank suspects that Plaintiffs fail to include any specific allegations regarding Mr. Olario's alleged duty and breach because Plaintiffs know that Mr. Olario had no involvement whatsoever in either the opening of the third party individual checking accounts or the negotiation of the subject checks.[22] Again, Mr. Olario cannot be held personally liable for Chase Bank's alleged conduct unless he willfully directed or participated in such conduct, which he did not.[23] *See Keyes*, 692 S.W.3d at 280. Similar to their claim for conversion, Plaintiffs do not possess even

---

[20] *See* **Exhibit A-2 -** Plaintiffs' Original Petition, Section 8.
[21] *See id.*
[22] *See* **Exhibit E -** Declaration of Michael Olario, ¶¶ 5–7.
[23] *See id.*

Page | 11

a theoretical possibility of prevailing on their negligence claim against Mr. Olario – much less a reasonable possibility of success. *See Smallwood*, 385 F.3d at 573.

### E. Plaintiffs' alleged UCC transfer warranties do not apply to facts alleged and therefore fail to establish a cause of action against Mr. Olario.

25. Finally, Plaintiffs likewise do not possess a reasonable basis for succeeding on their claims for breach of the UCC's presentment (UCC §§ 3.417 and 4.208) and/or transfer warranties (UCC §§ 3.416 and 4.207) against Mr. Olario.[24] First, the UCC's transfer warranties do not apply to the facts alleged by Plaintiffs and therefore fail to state a claim upon which relief can be granted. Under the UCC, there are both transfer warranties and presentment warranties. The transfer warranties are found in UCC § 3.416 and UCC § 4.207. TEX. BUS. & COM. CODE § 3.416 (transfer warranties) and § 4.207 (transfer warranties). Transfer warranties apply to transfers of instruments (UCC § 3.416) and items (UCC § 4.207) in the collection chain. Transfer warranties do not apply to the presentment of an instrument or item to a payor bank (UMB Bank) such as alleged by Plaintiffs herein. *See Valley Nat. Bank v. P.A.Y. Check Cashing*, 378 N.J. Super. 406, 875 A.2d 1056, 1065 (N.J. Super. Ct. Law Div. 2004).

26. The transfer and presentment warranties are mutually exclusive. In other words, where the presentment warranty applies, the transfer warranty does not (and vice versa). This distinction is summarized by treatise authors who explain it best.

> "The presentment warranties and the transfer warranties are mutually exclusive. The purpose of the presentment warranties is to impose some, but not all, risks upon the payor or acceptor. The transfer warranties are meant to allocate the risks among the transferor and transferee of an item.
>
> Presentment is not a transfer. As a result, the payor or acceptor is not entitled to the benefit of the transfer warranties. This consequence is intentional. If a payor or acceptor were entitled to the transfer warranties, the scheme for allocating the risk of loss in the event of a mistaken payment or acceptance would be defeated."

---

[24] *See* **Exhibit A-2 -** Plaintiffs' Original Petition, Section 10 ("Breach of Texas Business and Commerce Code Warranties").

§ 4-208:6 [Rev] *Warranties on presentment and transfer mutually exclusive*, 7 Anderson U.C.C. § 4-208:6 [Rev] (3d. ed.). *See also* § 3-417:2 *Warranties on presentment and transfer mutually exclusive*, 4 Hawkland UCC Series § 3-417:2 ("It is important to remember that presentment for payment or acceptance is not a transfer of the instrument, and the distinction between transfer and presentment should always be kept in mind").

27. Plaintiffs vaguely allege herein that Mr. Olario, apparently as a result of his employment with Chase Bank, improperly allowed the deposit of the two subject checks and that Chase Bank received payment from UMB Bank for the funds from the two subject checks.[25] Based on Plaintiffs' allegations, the UCC's transfer warranties do not apply to this case and therefore fail to state a claim upon which relief can be granted. *See Cadence Bank v. JPMorgan Chase Bank, N.A.*, No. 4:23-CV-02678, 2024 U.S. Dist. LEXIS 238581, *16-18 (S.D. Tex. 2024) (dismissing paying bank's transfer warranty claims against depositary bank in a fraudulent check case because the "plain wording" of the UCC's transfer warranty "exclude[s] the possibility that a transfer warranty would run to a payor bank"). Thus, Plaintiffs cannot establish a cause of action against Mr. Olario for breach of the UCC transfer warranties.

> **F.** **The UCC presentment warranties are not owed by Mr. Olario to Plaintiffs under the facts alleged and are therefore untenable.**

28. Regarding the UCC's presentment warranty, Plaintiffs' claim for breach of same against Mr. Olario also fails pursuant to the plain wording of the UCC because such warranties are owed only to the paying bank (UMB Bank herein) – not the Plaintiffs. TEX. BUS. & COM. CODE § 4.208(a). UCC §4.208(a) clearly states that presentment warranties are made only to the "drawee." *Id*. ("…the person obtaining payment or acceptance…warrant to the drawee that pays or accepts

---

[25] *See* **Exhibit A-2 -** Plaintiffs' Original Petition, Sections 5 ("Facts") and 8 ("Negligence – Chase and Michael Olario").

the draft …"). Plaintiffs are not the "drawee" pursuant to the facts alleged as the "drawee" is the person "ordered in a draft to make payment"—in this case, UMB Bank. TEX. BUS. & COM. CODE § 3.103(a)(4) ("Drawee" means a person ordered in a draft to make payment.). Therefore, even assuming Mr. Olario could be found to have factually or legally presented the subject checks to UMB Bank for payment—which he did not[26]—any UCC presentment warranties were owed to UMB Bank, not Plaintiffs.[27] Plaintiffs' breach of UCC presentment warranties claim against Mr. Olario therefore also has no reasonable chance of success under Texas law.

29. Because Mr. Olario has not been properly joined in this case, both his citizenship and consent to removal are irrelevant. *See* 28 U.S.C. § 1446(b)(2)(A); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Mr. Olario's consent is also not required because he is a nominal party based on Plaintiffs' conclusory allegations and his employment status with Chase Bank. *See Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006).

## V.
### THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

30. The amount in controversy also exceeds $75,000. Removal is proper if it is apparent from the face of the petition that the claims are likely to exceed $75,000. *Theodoridis v. Balboa Ins. Co.*, No. G-10-497, 2011 U.S. Dist. LEXIS 171343, at *1-2 (S.D. Tex. Feb. 3, 2011). In order to establish the jurisdictional amount, Chase Bank must show—by only a preponderance of the evidence—that the amount in controversy is *likely* to exceed $75,000. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). This showing can be made by Chase Bank in two ways:

---

[26] *See* **Exhibit E -** Declaration of Michael Olario, ¶ 7.
[27] Similarly, even assuming UCC transfer warranties applied to the facts alleged by Plaintiff, such warranties do not establish a cause of action by Plaintiffs against Mr. Olario because transfer warranties are only owed by "[a] customer or collecting bank" to the "transferee and to any subsequent collecting bank…" TEX. BUS. & COM. CODE § 3.103(a)(4). Plaintiffs are not a "transferee" or a "collecting bank" and Mr. Olario is not a "customer or collecting bank."

(1) "by establishing that it is facially apparent that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount." *See Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022). Where a petition pleads a sum in excess of $75,000, the sum is dispositive of jurisdiction. *See Kraemer v. RCLoft, LLC*, No. 3:22-cv-00157, 2022 WL 4588413 (S.D. Tex. Sept. 29, 2022).

31. Here, Plaintiffs allege that they seek "monetary relief more than $250,000 but less than $1,000,000",[28] and the two checks at issue total $387,027.80.[29] Additionally, Plaintiffs seek attorneys' fees and interest.[30] Because Plaintiffs are seeking, at a minimum, $250,000, the amount in controversy is clearly in excess of $75,000. *See* 28 U.S.C. § 1332(b).

## VI.
## Consent of all Properly Joined and Served Defendants

32. All defendants who have been properly joined and served consent to the removal of this case to federal court. *See* 28 U.S.C. § 1446(b)(2)(A). Both UMB Bank and MassMutual have executed Notices of Consent to Removal that are attached hereto.[31]

## CONCLUSION

33. For the foregoing reasons, Defendant, JPMorgan Chase Bank, N.A., submits that this matter is properly removed from the District Court of Harris County, Texas to this Court.

Respectfully submitted on this 14th day of October, 2025.

---

[28] *See* **Exhibit A-2** – Plaintiffs' Original Petition, Section 2 entitled, "Claim for Relief."
[29] *See id.*, Section 5 entitled, "Facts."
[30] *See id.*, Sections 12 and 13.
[31] *See* **Exhibit F –** Notice of Consent to Removal by UMB Bank; and **Exhibit G** – Notice of Consent to Removal by MassMutual.

STEPTOE & JOHNSON PLLC

By: */s/ Jason R. Grill*
Jason R. Grill
State Bar No.: 24002185
S.D. Tex. No. 256935
jason.grill@steptoe-johnson.com
Brice P. Phillips
State Bar No.: 24125358
S.D. Tex. No.: 3803876
brice.phillips@steptoe-johnson.com
1780 Hughes Landing Boulevard, Suite 750
The Woodlands, Texas 77380
281.203.5700
*Attorneys for Defendant, JPMorgan Chase Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of October, 2025, I filed Chase Bank's Notice of Removal with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to counsel listed below:

*Via E-service*
Michael R. Wadler
WADLER LAW
2100 West Loop South, Suite 1100
Houston, Texas 77027
mwadler@wadlerlaw.com
*Attorneys for Plaintiffs*

*Via E-service*
Matthew S. Merriott
MULLIN HOARD & BROWN, L.L.P.
500 South Taylor, Suite 800
Amarillo, Texas 79120
mmerriott@mhba.com
*Attorneys for Defendant, UMB Bank*

*Via E-service*
Andrew C. Whitaker
FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
andrew.whitaker@figdav.com
*Attorneys for Defendant, Massachusetts Mutual Life Insurance Company*

　　　　　　　　　　　　　　　　　　　*/s/ Jason R. Grill*
　　　　　　　　　　　　　　　　　　　Jason R. Grill