# EXHIBIT A

# EXHIBIT A-1

### Chronological Case History

| Style | COOPER, RICHIE vs. MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | | | | |
|---|---|---|---|---|---|
| **Case Number** | 202562686 | **Case Status** | Ready Docket | **Case Type** | OTHER CIVIL |
| **File Court** | 190 | **File Date** | 8/26/2025 | **Next Setting** | 9/7/2026 |

| Date | Type | Description |
|---|---|---|
| 8/26/2025 | DOCUMENT | ORIGINAL PETITION **COURT:** 190 **ATTORNEY:** WADLER, MICHAEL R. **PERSON FILING:** COOPER, RICHIE |
| 8/26/2025 | DOCUMENT | ORIGINAL PETITION **COURT:** 190 **ATTORNEY:** WADLER, MICHAEL R. **PERSON FILING:** COOPER, GAIL |
| 9/12/2025 12:00:00 AM | SERVICE | **PERSON SERVED:** JP MORGAN CHASE BANK NATIONAL ASSOCIATION MAY BE SERVED BY ITS **SERVICE TYPE:** CITATION **INSTRUMENT:** ORIGINAL PETITION |
| 9/15/2025 12:00:00 AM | SERVICE | **PERSON SERVED:** UMB BANK NATIONAL ASSOCIATION MAY BE SERVED BY ITS REGISTERED AGENT **SERVICE TYPE:** CITATION **INSTRUMENT:** ORIGINAL PETITION |
| 9/15/2025 12:00:00 AM | SERVICE | **PERSON SERVED:** MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY MAY BE SERVED BY ITS **SERVICE TYPE:** CITATION **INSTRUMENT:** ORIGINAL PETITION |
| 9/15/2025 12:00:00 AM | SERVICE | **PERSON SERVED:** OLARIO, MICHAEL **SERVICE TYPE:** CITATION **INSTRUMENT:** ORIGINAL PETITION |
| 10/3/2025 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 190 **ATTORNEY:** MERRIOTT, MATTHEW SCOTT **PERSON FILING:** UMB BANK NATIONAL ASSOCIATION |
| 10/3/2025 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 190 **ATTORNEY:** WHITAKER, ANDREW C. **PERSON FILING:** MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY |
| 10/6/2025 | ACTIVITY | DESIGNATED TRIAL READY **COURT:** 190 |
| 10/6/2025 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 190 **ATTORNEY:** GRILL, JASON REYNOLDS **PERSON FILING:** OLARIO, MICHAEL |
| 10/6/2025 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 190 **ATTORNEY:** GRILL, JASON REYNOLDS **PERSON FILING:** JP MORGAN CHASE BANK NATIONAL ASSOCIATION |

# EXHIBIT A-2



To:    18668598592
From:   christopher.totten@jpmorgan.com
Date:   August 28, 2025 22:45:45 GMT
Subj:
Pages:  20

---

Rich and Gayle Cooper ECIs 02125015009 and 0185771007

Resending to ensure receipt.

Thanks

**Chris Totten** | Supervisory Manager | Vice President | J.P. Morgan Wealth Management I 9900 Katy Fwy., Houston, TX 77080 | T: 281-391-7742 I Alt: 281-865-5511 | F: 281-241-4437 Christopher.Totten@jpmorgan.com | http://www.chase.com/personal/investments/advisor

Electronic Mail (E-mail) May Not Be Used for Trades, Transmission of Personal Information or Messages That Require Immediate Attention.

J.P. Morgan Wealth Management is a business of JPMorgan Chase & Co., which offers investment products and services through **J.P. Morgan Securities LLC** (JPMS), a registered broker-dealer and investment adviser, member FINRA and SIPC. Insurance products are made available through Chase Insurance Agency, Inc. (CIA), a licensed insurance agency, doing business as Chase Insurance Agency Services, Inc. in Florida. JPMS, CIA and JPMorgan Chase Bank, N.A. (JPMCB) are affiliated companies under the common control of JPMorgan Chase & Co. (See Link to full disclosures)

**INVESTMENT AND INSURANCE PRODUCTS: ● NOT A DEPOSIT ● NOT FDIC INSURED ● NOT INSURED BY ANY FEDERAL GOVERNMENT AGENCY ● NO BANK GUARANTEE ● MAY LOSE VALUE**

This message is confidential and subject to terms at: https://www.jpmorgan.com/emaildisclaimer including on confidential, privileged or legal entity information, malicious content and monitoring of electronic messages. If you are not the intended recipient, please delete this message and notify the sender immediately. Any unauthorized use is strictly prohibited.

Confidentiality Notice: This transmission is intended for the use of the individual or entity to which it is addressed, and it may contain information that is confidential or privileged under law. If the reader of this message is not the intended recipient, you are hereby notified that retention, dissemination, distribution or copying of this fax is strictly prohibited. If you received this fax in error, please notify the sender immediately by telephone and destroy the original. Thank you.

**From:** Michael Wadler <mwadler@wadlerlaw.com>
**Sent:** Wednesday, August 27, 2025 12:57:39 PM
**To:** Olario, Michael (CCB, USA) <michael.olario@jpmorgan.com>
**Subject:** [EXTERNAL]Richie Cooper and Gail Cooper

Attached are the file stamped copies of the pleadings which were submitted yesterday.

The assigned cause number is 2025-62686 and we have been assigned to the 190th Judicial District Court, Judge Meau Miller presiding

**MICHAEL R. WADLER**
**TRIAL ATTORNEY**

2100 West Loop South, Suite 1100
Houston, Texas 77027-3534

(713) 979-5936 Direct
(281) 768-6229 Direct Fax
(713) 572-7000 Main
(713) 572-7010 Main Fax

mwadler@wadlerlaw.com

https://www.facebook.com/WadlerLaw/


**PERSONAL INJURY TRIAL LAW**

WadlerLaw WadlerLaw Wadler Law Wadler Law WadlerLaw WadlerLaw

**Confidential Communication**:  This communication is privileged and confidential information.  If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution or other reproduction is strictly prohibited.

IRS Circular 230 Disclaimer:  This e-mail and any attachments are not intended for use and cannot be used (i) to avoid any penalties under the Internal Revenue Code or (ii) to promote, market or recommend to another party the tax consequences of any matter addressed therein. Please contact us if you desire an opinion on such mat

Electronic Mail (E-mail) May Not Be Used for Trades, Transmission of Personal Information or Messages That Require Immediate Attention.

J.P. Morgan Wealth Management is a business of JPMorgan Chase & Co., which offers investment products and services through **J.P. Morgan Securities LLC** (JPMS), a registered broker-dealer and investment adviser, member FINRA and SIPC. Insurance products are made available through Chase Insurance Agency, Inc. (CIA), a licensed insurance agency, doing business as Chase Insurance Agency Services, Inc. in Florida. JPMS, CIA and JPMorgan Chase Bank, N.A. (JPMCB) are affiliated companies under the common control of JPMorgan Chase & Co. (See Link to full disclosures)

**INVESTMENT AND INSURANCE PRODUCTS: ● NOT A DEPOSIT ● NOT FDIC INSURED ● NOT INSURED BY ANY FEDERAL GOVERNMENT AGENCY ● NO BANK GUARANTEE ● MAY LOSE VALUE**



VOID WITHOUT BLUE BACKGROUND AND GENUINE CHAIN BANK WATERMARK

Massachusetts Mutual Life Insurance Company
PO Box 758511
Topeka, KS 66675-8511

UMB BANK, N.A.
3601 Mitchell
St Joseph, MO 64507
36-1901/1012

8040375094

| | Date | June 24, 2025 | Amount | $276,465.76*** |

**TWO HUNDRED SEVENTY-SIX THOUSAND FOUR HUNDRED SIXTY-FIVE AND 76/100 DOLLARS **

Not valid after 180 days

Pay To The
Order Of

RICHIE D COOPER

HOUSTON TX 77069

⊕ Security Features Included (Details on Back)

⑈8040375094⑈ ⑆101219017⑆ 5008010862⑈

## Check Information

Check Number:8040375094
Account Number:5008010862
Amount:$276465.76
Post Date:2025-07-07
R/T:101219017
DIN:81109169

Return Reason:N/A





## Check Information

Check Number:8040374776
Account Number:5008010862
Amount:$110562.04
Post Date:2025-07-10
R/T:101219017
DIN:84096924


Return Reason:N/A



8/26/2025 4:44 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 104881274
By: Julio Garcia
Filed: 8/26/2025 4:44 PM

NO. _____

| | | |
|---|---|---|
| RICHIE COOPER and GAIL COOPER | § | IN THE DISTRICT COURT |
| | § | |
| V | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| MASSACHUSETTS MUTUAL LIFE | § | |
| INSURANCE COMPANY, JP MORGAN | § | |
| CHASE BANK, NATIONAL ASSOCIATION, | § | |
| UMB BANK NATIONAL ASSOCIATION | § | |
| and MICHAEL OLARIO | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiffs, Richie Cooper and Gail Cooper, complain of Massachusetts Mutual Life Insurance Company [Mass Mutual], UMB Bank National Association [UMB], Michael Olario, and JP Morgan Chase Bank, National Association [Chase] and at trial will show the following:

### 1.    Discovery Plan

Plaintiff intends to conduct discovery pursuant to Level 2 of Texas Rule of Civil Procedure 190.3.

### 2.    Claim for Relief

Plaintiff seeks monetary relief more than $250,000 but less than $1,000,000.

### 3.    Parties

Plaintiffs, Richie Cooper and Gail Cooper, are residents of Houston, Harris County, Texas.

Defendant, JPMorgan Chase Bank National Association, is a foreign financial institution authorized to conduct business in the State of Texas and has conducted business in Harris County, Texas at all times material to this lawsuit. Chase may be served with citation by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Defendant, Michael Olario, is an individual who may be served with citation at his place of business, J.P. Morgan Wealth Management, 6910 FM 1960 Road W, Houston, TX 77069-3702.

Defendant, Massachusetts Mutual Life Insurance is a mutual life insurance company domiciled in the Commonwealth of Massachusetts, with its principal office located at 1295 State Street, Springfield, Massachusetts. MassMutual maintains offices in Houston, Harris County, Texas, and can be served with citation by serving its registered agent for service of citation, Corporate Creations Network, Inc., 4265 San Felipe Street, Suite 1100, Houston, Texas 77027-2998.

Defendant, UMB Bank National Association, is a foreign financial institution doing business in Harris County, Texas. The bank is headquartered at 1010 Grand Boulevard, Kansas City, Missouri and can be served with citation by serving its Texas registered agent for service of citation, United Agent Group, Inc., 5444 Westheimer Road, Suite 1000, Houston, Texas 77056.

### 4.    Venue and Jurisdiction

This court has jurisdiction because the amount in controversy is within the jurisdictional limits of this court. Venue is proper in Harris County because the incident made the basis of this suit occurred in Harris County, Texas.

### 5. Facts

Richie Cooper and Gail Cooper purchased annuities through Mass Mutual. Richie Cooper purchased two annuity contracts, number 571092607 and 571092181. Gail purchased an annuity contract, number 571092605.

On May 29, 2025, Richie Cooper and Gail Cooper notified Mass Mutual of their intent to fully withdraw their funds from Mass Mutual and executed the proper documents for Mass Mutual to send payment. Richie Cooper was to receive a total of Two Hundred Seventy-Six Thousand

Four Hundred Sixty-Five and 76/100 Dollars. Gail Cooper was to receive One Hundred Ten Thousand Five Hundred Sixty-Two and 4/100 Dollars.

Gail and Richie Cooper had maintained bank accounts at Chase Bank for many years. Believing they were going to receive substantial funds, Gail and Richie Cooper met with Michael Olario, Vice-President-Investments and Private Client Advisor, J.P. Morgan, seeking his advice on managing the funds. They made Olario aware that they were receiving substantial funds from Mass Mutual which were to be deposited into Chase Bank for him to manage.

Mass Mutual prepared two checks and claims the checks were mailed to Richie Cooper and Gail Cooper at their home address in Houston, Texas.

The checks were to be mailed toward the end of June 2025.

Neither Richie Cooper or Gail Cooper received the checks which Mass Mutual promised to send, and they contacted Mass Mutual on or about July 7, 2025, to inform them the checks had not been received. Mass Mutual advised them that because of the July 4th holiday, the checks may take longer to arrive.

Having not received the checks for another week, Richie Cooper and Gail Cooper contacted Mass Mutual to inform them the checks had not arrived and would need to be reissued. Mass Mutual contacted them and told them that both checks had cleared and provided copies of the negotiated checks.

The markings on the back of the checks, which are attached as Exhibit 1 and Exhibit 2, indicated the checks had initially been presented to a Chase Bank, however the endorsement was clearly not the signature of Richie Cooper or Gail Cooper and were forgeries. Despite having a forged endorsement, Chase negotiated the checks which were then forwarded to UMB Bank, the drawing bank, which withdrew funds from the account of Mass Mutual.

Richie and Gail Cooper immediately notified UMB, Mass Mutual and Chase Bank that both checks bore a forged endorsement.

Richie Cooper and Gail Cooper made extensive efforts to have the checks reissued, yet Mass Mutual refuses to reissue the checks, UMB Bank refuses to return the funds to Mass Mutual and Chase Bank refuses to return funds to UMB.

### 6.    Cause of Action - Conversion

Plaintiffs had the immediate right of possession of the funds which were withdrawn from Mass Mutual which was their personal property. Chase, Michael Olario, UMB and Mass Mutual working either individually or in concert, have wrongly exercised dominion or control of the property and plaintiffs have suffered harm as a result.

### 7.    Negligence – Mass Mutual

Mass Mutual had a duty to exercise reasonable care in delivering the withdrawn funds to Plaintiffs. Rather than delivering the funds through a secure means, such as by special delivery, registered mail or overnight mail, Mass Mutual chose to deliver the funds via regular mail with no restrictions on who could receive the mail. Moreover, Mass Mutual maintains offices in Houston which could have received the checks and had them delivered in person or be picked up by plaintiffs. Mass Mutual breached its duty to securely deliver the funds and as a result of this breach, plaintiffs have been injured.

### 8.    Negligence – Chase and Michael Olario

Richie and Gail Cooper have had accounts with Chase for over 30 years and for that period of times, have provided signature cards to Chase. Michael Olario also obtained signatures from Richie and Gail Cooper during their meeting to open accounts with Chase Private Client. Based upon information and belief, the checks were deposited into a newly opened account at a Chase

branch in New York. Although banking regulations require individuals to provide Social Security Numbers when opening bank account, and despite the fact that Richie and Gail Cooper have accounts with Chase using their Social Security Numbers (which were different than the Social Security Numbers provided to the Chase branch when opening the account) and home address which was included in the "Payee" section of the checks (See Exhibits 1 and 2), Chase opened accounts under their names. Moreover, Chase failed to compare the signatures used to endorse the checks with the signatures Chase had on file and failed to determine why additional accounts were being opened utilizing a different address. All these acts constitute negligence by Chase and Michael Olario which resulted in harm to Ruchie Cooper and Gail Cooper.

### 9. Negligence – UMB

UMB had a duty to verify the endorsement of a check drawn on their bank before paying the check and was negligent in failing to verify the endorsement of the check before honoring the check which was drawn on their bank. As a result of this negligence, Richie Cooper and Gail Cooper were harmed.

### 10. Breach of Texas Business and Commerce Code Warranties

Mass Mutual, Chase, Michael Olario and UMB violated numerous provisions of the Texas Business and Commerce Code, which is materially consistent with the Uniform Commercial Code which has been adopted in all states relevant to this transaction. Section 4-401 clearly states that a check with a forged endorsement in not properly payable, however Chase and UMB paid these checks with forged endorsements and have failed to recredit the drawer's account. Mass Mutual refuses to reissue the checks to Richie and Gail Cooper.

By accepting and negotiating the checks, Chase, Michael Olario, Mass Mutual and UMB warrantied the checks as set forth in Texas Bus. & Com. Code §3.416, §3.417, §4.207 and §4.208.

Chase, Michael Olario, Mass Mutual and UMB are liable to the owners of the checks, Richie and Gail Cooper, for failing to adhere to the warranties.

### 11.    Damages

Plaintiffs seek from all defendants the value of the checks which were never received or which they never negotiated, together with interest which would have been earned on those funds but for the actions of the defendants.

### 12.    Attorney Fees

Plaintiffs seek reasonable attorney fees which necessitated by the defendants' refusal to reissue the checks or to honor the warranties set forth above.

### 13.    Interest

Plaintiffs seek prejudgment and post judgment interest as permitted by law.

### PRAYER

Plaintiffs pray that all defendants be served with citation and that on final trial plaintiffs be awarded all sums to which they are entitled including actual damages, interest, attorney's fees and all other damages both at law and in equity to which they are entitled.

Respectfully submitted;

WADLER LAW

Michael R. Wadler
mwadler@wadlerlaw.com
State Bar Number 20646500
2100 West Loop South, Suite 1100
Houston, TX 77027
713/979-5936
Facsimile – 281/768-6229

ATTORNEY FOR PLAINTIFFS

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Wadler
Bar No. 20646500
mwadler@wadlerlaw.com
Envelope ID: 104881274
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 8/27/2025 8:43 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Wadler | | mwadler@wadlerlaw.com | 8/26/2025 4:44:59 PM | NOT SENT |
| Michael Wadler | | mwadler@wadlerlaw.com | 8/26/2025 4:44:59 PM | NOT SENT |





## Check Information

Check Number:8040375094
Account Number:5008010862
Amount:$276465.76
Post Date:2025-07-07
R/T:101219017
DIN:81109169

Return Reason:N/A





VOID WITHOUT BLUE BACKGROUND AND GENUINE CHAIN LINK WATERMARK

Massachusetts Mutual Life Insurance Company
PO Box 758511
Topeka, KS 66675-8511

UMB BANK, N.A.
3601 Mitchell
St Joseph, MO 64507
36-1901/1012

8040374776

Date    June 23, 2025    Amount    $110,562.04***

**ONE HUNDRED TEN THOUSAND FIVE HUNDRED SIXTY-TWO AND 4/100 DOLLARS **

Not valid after 180 days

Pay To The
Order Of
GAIL R COOPER

HOUSTON TX 77053

J S Jalli

⑆ Security Features Included (Details on Back)

⑈8040374776⑈ ⑆101219017⑆ 5008010862⑈

JPMorganChaseBank 070903 590979 922100119460

## Check Information

Check Number:8040374776
Account Number:5008010862
Amount:$110562.04
Post Date:2025-07-10
R/T:101219017
DIN:84096924

Return Reason:N/A



8/26/2025 4:44 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 104881274
By: Julio Garcia
Filed: 8/26/2025 4:44 PM

NO. _____

| | | |
|---|---|---|
| **RICHIE COOPER and GAIL COOPER** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V** | § | **OF HARRIS COUNTY, TEXAS** |
| | § | |
| **MASSACHUSETTS MUTUAL LIFE** | § | |
| **INSURANCE COMPANY, JP MORGAN** | § | |
| **CHASE BANK, NATIONAL ASSOCIATION,** | § | |
| **UMB BANK NATIONAL ASSOCIATION** | § | |
| **and MICHAEL OLARIO** | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiffs, Richie Cooper and Gail Cooper, complain of Massachusetts Mutual Life Insurance Company [Mass Mutual], UMB Bank National Association [UMB], Michael Olario, and JP Morgan Chase Bank, National Association [Chase] and at trial will show the following:

### 1.    Discovery Plan

Plaintiff intends to conduct discovery pursuant to Level 2 of Texas Rule of Civil Procedure 190.3.

### 2.    Claim for Relief

Plaintiff seeks monetary relief more than $250,000 but less than $1,000,000.

### 3.    Parties

Plaintiffs, Richie Cooper and Gail Cooper, are residents of Houston, Harris County, Texas.

Defendant, JPMorgan Chase Bank National Association, is a foreign financial institution authorized to conduct business in the State of Texas and has conducted business in Harris County, Texas at all times material to this lawsuit. Chase may be served with citation by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Defendant, Michael Olario, is an individual who may be served with citation at his place of business, J.P. Morgan Wealth Management, 6910 FM 1960 Road W, Houston, TX 77069-3702.

Defendant, Massachusetts Mutual Life Insurance is a mutual life insurance company domiciled in the Commonwealth of Massachusetts, with its principal office located at 1295 State Street, Springfield, Massachusetts. MassMutual maintains offices in Houston, Harris County, Texas, and can be served with citation by serving its registered agent for service of citation, Corporate Creations Network, Inc., 4265 San Felipe Street, Suite 1100, Houston, Texas 77027-2998.

Defendant, UMB Bank National Association, is a foreign financial institution doing business in Harris County, Texas. The bank is headquartered at 1010 Grand Boulevard, Kansas City, Missouri and can be served with citation by serving its Texas registered agent for service of citation, United Agent Group, Inc., 5444 Westheimer Road, Suite 1000, Houston, Texas 77056.

#### 4.    Venue and Jurisdiction

This court has jurisdiction because the amount in controversy is within the jurisdictional limits of this court. Venue is proper in Harris County because the incident made the basis of this suit occurred in Harris County, Texas.

#### 5. Facts

Richie Cooper and Gail Cooper purchased annuities through Mass Mutual. Richie Cooper purchased two annuity contracts, number 571092607 and 571092181. Gail purchased an annuity contract, number 571092605.

On May 29, 2025, Richie Cooper and Gail Cooper notified Mass Mutual of their intent to fully withdraw their funds from Mass Mutual and executed the proper documents for Mass Mutual to send payment. Richie Cooper was to receive a total of Two Hundred Seventy-Six Thousand

Four Hundred Sixty-Five and 76/100 Dollars. Gail Cooper was to receive One Hundred Ten Thousand Five Hundred Sixty-Two and 4/100 Dollars.

Gail and Richie Cooper had maintained bank accounts at Chase Bank for many years. Believing they were going to receive substantial funds, Gail and Richie Cooper met with Michael Olario, Vice-President-Investments and Private Client Advisor, J.P. Morgan, seeking his advice on managing the funds. They made Olario aware that they were receiving substantial funds from Mass Mutual which were to be deposited into Chase Bank for him to manage.

Mass Mutual prepared two checks and claims the checks were mailed to Richie Cooper and Gail Cooper at their home address in Houston, Texas.

The checks were to be mailed toward the end of June 2025.

Neither Richie Cooper or Gail Cooper received the checks which Mass Mutual promised to send, and they contacted Mass Mutual on or about July 7, 2025, to inform them the checks had not been received. Mass Mutual advised them that because of the July 4th holiday, the checks may take longer to arrive.

Having not received the checks for another week, Richie Cooper and Gail Cooper contacted Mass Mutual to inform them the checks had not arrived and would need to be reissued. Mass Mutual contacted them and told them that both checks had cleared and provided copies of the negotiated checks.

The markings on the back of the checks, which are attached as Exhibit 1 and Exhibit 2, indicated the checks had initially been presented to a Chase Bank, however the endorsement was clearly not the signature of Richie Cooper or Gail Cooper and were forgeries. Despite having a forged endorsement, Chase negotiated the checks which were then forwarded to UMB Bank, the drawing bank, which withdrew funds from the account of Mass Mutual.

Richie and Gail Cooper immediately notified UMB, Mass Mutual and Chase Bank that both checks bore a forged endorsement.

Richie Cooper and Gail Cooper made extensive efforts to have the checks reissued, yet Mass Mutual refuses to reissue the checks, UMB Bank refuses to return the funds to Mass Mutual and Chase Bank refuses to return funds to UMB.

### 6.    Cause of Action - Conversion

Plaintiffs had the immediate right of possession of the funds which were withdrawn from Mass Mutual which was their personal property. Chase, Michael Olario, UMB and Mass Mutual working either individually or in concert, have wrongly exercised dominion or control of the property and plaintiffs have suffered harm as a result.

### 7.    Negligence – Mass Mutual

Mass Mutual had a duty to exercise reasonable care in delivering the withdrawn funds to Plaintiffs. Rather than delivering the funds through a secure means, such as by special delivery, registered mail or overnight mail, Mass Mutual chose to deliver the funds via regular mail with no restrictions on who could receive the mail. Moreover, Mass Mutual maintains offices in Houston which could have received the checks and had them delivered in person or be picked up by plaintiffs. Mass Mutual breached its duty to securely deliver the funds and as a result of this breach, plaintiffs have been injured.

### 8.    Negligence – Chase and Michael Olario

Richie and Gail Cooper have had accounts with Chase for over 30 years and for that period of times, have provided signature cards to Chase. Michael Olario also obtained signatures from Richie and Gail Cooper during their meeting to open accounts with Chase Private Client. Based upon information and belief, the checks were deposited into a newly opened account at a Chase

branch in New York. Although banking regulations require individuals to provide Social Security Numbers when opening bank account, and despite the fact that Richie and Gail Cooper have accounts with Chase using their Social Security Numbers (which were different than the Social Security Numbers provided to the Chase branch when opening the account) and home address which was included in the "Payee" section of the checks (See Exhibits 1 and 2), Chase opened accounts under their names. Moreover, Chase failed to compare the signatures used to endorse the checks with the signatures Chase had on file and failed to determine why additional accounts were being opened utilizing a different address. All these acts constitute negligence by Chase and Michael Olario which resulted in harm to Ruchie Cooper and Gail Cooper.

### 9. Negligence – UMB

UMB had a duty to verify the endorsement of a check drawn on their bank before paying the check and was negligent in failing to verify the endorsement of the check before honoring the check which was drawn on their bank. As a result of this negligence, Richie Cooper and Gail Cooper were harmed.

### 10. Breach of Texas Business and Commerce Code Warranties

Mass Mutual, Chase, Michael Olario and UMB violated numerous provisions of the Texas Business and Commerce Code, which is materially consistent with the Uniform Commercial Code which has been adopted in all states relevant to this transaction. Section 4-401 clearly states that a check with a forged endorsement in not properly payable, however Chase and UMB paid these checks with forged endorsements and have failed to recredit the drawer's account. Mass Mutual refuses to reissue the checks to Richie and Gail Cooper.

By accepting and negotiating the checks, Chase, Michael Olario, Mass Mutual and UMB warrantied the checks as set forth in Texas Bus. & Com. Code §3.416, §3.417, §4.207 and §4.208.

Chase, Michael Olario, Mass Mutual and UMB are liable to the owners of the checks, Richie and Gail Cooper, for failing to adhere to the warranties.

### 11.   Damages

Plaintiffs seek from all defendants the value of the checks which were never received or which they never negotiated, together with interest which would have been earned on those funds but for the actions of the defendants.

### 12.   Attorney Fees

Plaintiffs seek reasonable attorney fees which necessitated by the defendants' refusal to reissue the checks or to honor the warranties set forth above.

### 13.   Interest

Plaintiffs seek prejudgment and post judgment interest as permitted by law.

### PRAYER

Plaintiffs pray that all defendants be served with citation and that on final trial plaintiffs be awarded all sums to which they are entitled including actual damages, interest, attorney's fees and all other damages both at law and in equity to which they are entitled.

Respectfully submitted;

WADLER LAW

Michael R. Wadler
mwadler@wadlerlaw.com
State Bar Number 20646500
2100 West Loop South, Suite 1100
Houston, TX 77027
713/979-5936
Facsimile – 281/768-6229

ATTORNEY FOR PLAINTIFFS

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Wadler
Bar No. 20646500
mwadler@wadlerlaw.com
Envelope ID: 104881274
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 8/27/2025 8:43 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Wadler | | mwadler@wadlerlaw.com | 8/26/2025 4:44:59 PM | NOT SENT |
| Michael Wadler | | mwadler@wadlerlaw.com | 8/26/2025 4:44:59 PM | NOT SENT |

# EXHIBIT A-3

9/5/2025 10:35 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 105247138
By: Jarod Stirrup
Filed: 9/5/2025 10:35 AM



**Michael R. Wadler**                                    mwadler@wadlerlaw.com
Board Certified - Personal Injury Trial Law                **713/979-5936**
Texas Board of Legal Specialization

September 5, 2025

The Honorable Marilyn Burgess
Harris County District Clerk
201 Caroline, Suite 420
Houston, TX 77002

Re:    C.A. No. 2025-62686; *Richie Cooper and Gail Cooper v. Massachusetts Mutual Life*
       *Insurance Company, UMB Bank National Association and JP Morgan Chase Bank*
       *National Association;* In the 190th Judicial District Court of Harris County, Texas

Dear Ms. Burgess:

Please issue citation by electronic service in the above-referenced case to the following four
defendants:

**Massachusetts Mutual Life Insurance Company**
Registered Agent for service:
Corporate Creations Network, Inc.
4265 San Felipe Street, Suite 1100
Houston, TX 77027-2998

**UMB Bank National Association**
Registered Agent for service of citation:
United Agent Group, Inc.
5444 Westheimer Road, Suite 1000
Houston, TX 77056

**JP Morgan Chase Bank National Association**
Registered Agent for service of citation:
CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201

**Michael Olario**
J.P. Morgan Wealth Management
6910 FM 1960 Road W.
Houston, TX 77069

The completed citations can be delivered electronically to mwadler@wadlerlaw.com. If you
do not offer electronic delivery, please send the citations by mail to the following:

Michael R. Wadler
Wadler Law
2100 West Loop South, Suite 1100
Houston, TX 77027

The appropriate fees have been submitted for these citations.. If you have any questions,
please do not hesitate to contact me.

Very truly yours,

Michael R. Wadler

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Wadler
Bar No. 20646500
mwadler@wadlerlaw.com
Envelope ID: 105247138
Filing Code Description: Request
Filing Description: Request for Issuance of Citation
Status as of 9/5/2025 10:42 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Wadler | | mwadler@wadlerlaw.com | 9/5/2025 10:35:11 AM | SENT |

# EXHIBIT A-4

COPY OF PLEADING PROVIDED BY PLT

Receipt Number: 1037667
Tracking Number: 74541429

CAUSE NUMBER: 202562686

| | |
|---|---|
| PLAINTIFF: COOPER, RICHIE | In the 190th Judicial |
| vs. | District Court of |
| DEFENDANT: MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: OLARIO, MICHAEL

6910 FM 1960 ROAD W

HOUSTON TX 77069-3702

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on August 26, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this September 11, 2025.

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: JAROD STIRRUP

Issued at request of:
WADLER, MICHAEL R.
2100 WEST LOOP SOUTH, SUITE 1100
HOUSTON, TX  77027
713-970-5936
Bar Number: 20646500

Tracking Number: 74541429

CAUSE NUMBER: 202562686

PLAINTIFF: COOPER, RICHIE                     In the 190th

    vs.                                       Judicial District Court

DEFENDANT:  MASSACHUSETTS  MUTUAL  LIFE       of Harris County, Texas
INSURANCE COMPANY

OFFICER/AUTHORIZED PERSON RETURN

Came   to   hand   at   _____o'clock   _____  M.,  on  the  _____  day  of
_____, 20 _____.
Executed  at  (address)  _____
in _____ County
at  _____  o'clock  ____.  M.,  on  the  _____  day  of
_____, 20 _____,
by  delivering  to  _____  defendant,
in person, a true copy of this
Citation   together   with   the   accompanying   _____   copy(ies)  of   the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To   certify   which   I   affix   my   hand   officially   this   _____  day  of
_____, 20 _____.

FEE: $ _____            _____

                                _____ of _____

County, Texas

_____        By: _____
        Affiant                              Deputy
On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared.  After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN   TO   AND   SUBSCRIBED   BEFORE   ME   on   this   _____  of
_____, 20 _____.

                                _____
                                Notary Public

# EXHIBIT A-5

Receipt Number: 1037667
Tracking Number: 74541408

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202562686

---

PLAINTIFF: COOPER, RICHIE                       In the 190th Judicial

vs.                                             District Court of

DEFENDANT: MASSACHUSETTS MUTUAL LIFE INSURANCE   Harris County, Texas
COMPANY

---

CITATION

THE STATE OF TEXAS
County of Harris

TO: MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY MAY BE SERVED BY ITS REGISTERED AGENT

CORPORATE CREATIONS NETWORK INC

4256 SAN FELIPE STREET SUITE 1100

HOUSTON TX 77027-2998

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on August 26, 2025, in the above numbered and styled cause
on the docket in the above Judicial District Court of Harris County, Texas, in the
courthouse in the City of Houston, Texas. The instrument attached describes the claim
against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you.  In addition to
filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit.  These disclosures generally must be
made no later than 30 days after you file your answer with the clerk.  Find out more
at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
September 11, 2025.

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: JAROD STIRRUP

Issued at request of:
WADLER, MICHAEL R.
2100 WEST LOOP SOUTH, SUITE 1100
HOUSTON, TX  77027
713-970-5936
Bar Number: 20646500

Tracking Number: 74541408

CAUSE NUMBER: 202562686

PLAINTIFF: COOPER, RICHIE    In the 190th

  vs.        Judicial District Court

DEFENDANT: MASSACHUSETTS MUTUAL LIFE  of Harris County, Texas
INSURANCE COMPANY

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock ____. M., on the _____ day of _____, 20____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____   _____

       _____ of _____

County, Texas

_____  By: _____
   Affiant        Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____.

_____

      Notary Public

# EXHIBIT A-6

Receipt Number: 1037667
Tracking Number: 74541394

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202562686

| | |
|---|---|
| PLAINTIFF: COOPER, RICHIE | In the 190th Judicial |
| vs. | District Court of |
| DEFENDANT: MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: UMB BANK NATIONAL ASSOCIATION MAY BE SERVED BY ITS REGISTERED AGENT UNITED AGENT
GROUP INC

5444 WESTHEIMER ROAD SUITE 1000

HOUSTON TX 77056

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on August 26, 2025, in the above numbered and styled cause
on the docket in the above Judicial District Court of Harris County, Texas, in the
courthouse in the City of Houston, Texas. The instrument attached describes the claim
against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you.  In addition to
filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit.  These disclosures generally must be
made no later than 30 days after you file your answer with the clerk.  Find out more
at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
September 11, 2025.

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: JAROD STIRRUP

Issued at request of:
WADLER, MICHAEL R.
2100 WEST LOOP SOUTH, SUITE 1100
HOUSTON, TX  77027
713-970-5936
Bar Number: 20646500

Tracking Number: 74541394

CAUSE NUMBER: 202562686

PLAINTIFF: COOPER, RICHIE              In the 190th

    vs.                                  Judicial District Court

DEFENDANT: MASSACHUSETTS MUTUAL LIFE      of Harris County, Texas
INSURANCE COMPANY

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock ____. M., on the _____ day of _____, 20____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the _____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____          _____

                       _____ of _____

County, Texas

_____     By: _____
       Affiant                          Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____.

_____
                     Notary Public

Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT A-7

Receipt Number: 1037667
Tracking Number: 74541391

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202562686

| | |
|---|---|
| PLAINTIFF: COOPER, RICHIE | In the 190th Judicial |
| vs. | District Court of |
| DEFENDANT: MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: JP MORGAN CHASE BANK NATIONAL ASSOCIATION MAY BE SERVED BY ITS REGISTERED AGENT C T CORPORATION SYSTEM

1999 BRYAN STREET SUITE 900

DALLAS TX 75201

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on August 26, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this September 11, 2025.

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: JAROD STIRRUP

Issued at request of:
WADLER, MICHAEL R.
2100 WEST LOOP SOUTH, SUITE 1100
HOUSTON, TX  77027
713-970-5936
Bar Number: 20646500

Tracking Number: 74541391

CAUSE NUMBER: 202562686

PLAINTIFF: COOPER, RICHIE                                  In the 190th

    vs.                                                      Judicial District Court

DEFENDANT:   MASSACHUSETTS   MUTUAL   LIFE              of Harris County, Texas
INSURANCE COMPANY

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock ____. M., on the _____ day of
_____, 20____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of
_____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____            _____
                             _____ of _____
County, Texas

_____            By: _____
       Affiant                                      Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

                             _____
                             Notary Public

# EXHIBIT A-8



**CT Corporation**
**Service of Process Notification**
09/12/2025
CT Log Number 550105220

## Service of Process Transmittal Summary

**TO:**    LPS Project Team
JPMorgan Chase Bank, N.A.
700 KANSAS LN
MONROE, LA 71203-4774

**RE:**    **Process Served in Texas**

**FOR:**   JPMorgan Chase Bank, National Association  (Cross Ref Name)  (Domestic State: N/A)
JPMorgan Chase Bank, N.A. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RICHIE COOPER and GAIL COOPER vs. MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY |
| **CASE #:** | 202562686 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/12/2025 at 14:21 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/13/2025, Expected Purge Date: 10/13/2025 |
| | Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1999 Bryan Street |
| | Suite 900 |
| | Dallas, TX 75201 |
| | 877-564-7529 |
| | MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Fri, Sep 12, 2025
**Server Name:**                   Kenneth Frechette

| | |
|---|---|
| Entity Served | JPMORGAN CHASE BANK, NATIONAL ASSOCIATION |
| Case Number | 2202562686 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



Receipt Number: 1037667
Tracking Number: 74541391

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202562686

| | |
|---|---|
| PLAINTIFF: COOPER, RICHIE | In the 190th Judicial |
| vs. | District Court of |
| DEFENDANT: MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: JP MORGAN CHASE BANK NATIONAL ASSOCIATION MAY BE SERVED BY ITS REGISTERED AGENT C
T CORPORATION SYSTEM

1999 BRYAN STREET SUITE 900

DALLAS TX 75201

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.
This instrument was filed on August 26, 2025 in the above numbered and styled cause
on the docket in the above Judicial District Court of Harris County, Texas, in the
courthouse in the City of Houston, Texas. The instrument attached describes the claim
against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you.  In addition to
filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit.  These disclosures generally must be
made no later than 30 days after you file your answer with the clerk.  Find out more
at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
September 11, 2025.

*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: JAROD STIRRUP

Issued at request of:
WADLER, MICHAEL R.
2100 WEST LOOP SOUTH, SUITE 1100
HOUSTON, TX  77027
713-970-5936
Bar Number: 20646500



## Check Information

Check Number:8040374776
Account Number:5008010862
Amount:$110562.04
Post Date:2025-07-10
R/T:101219017
DIN:84096924

Return Reason:N/A







## Check Information

Check Number:8040375094
Account Number:5008010862
Amount:$276465.76
Post Date:2025-07-07
R/T:101219017
DIN:81109169

Return Reason:N/A



8/26/2025 4:44 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 104881274
By: Julio Garcia
Filed: 8/26/2025 4:44 PM

NO. _____

| | | |
|---|---|---|
| RICHIE COOPER and GAIL COOPER | § | IN THE DISTRICT COURT |
| | § | |
| V | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| MASSACHUSETTS MUTUAL LIFE | § | |
| INSURANCE COMPANY, JP MORGAN | § | |
| CHASE BANK, NATIONAL ASSOCIATION, | § | |
| UMB BANK NATIONAL ASSOCIATION | § | |
| and MICHAEL OLARIO | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiffs, Richie Cooper and Gail Cooper, complain of Massachusetts Mutual Life Insurance Company [Mass Mutual], UMB Bank National Association [UMB], Michael Olario, and JP Morgan Chase Bank, National Association [Chase] and at trial will show the following:

### 1.    Discovery Plan

Plaintiff intends to conduct discovery pursuant to Level 2 of Texas Rule of Civil Procedure 190.3.

### 2.    Claim for Relief

Plaintiff seeks monetary relief more than $250,000 but less than $1,000,000.

### 3.    Parties

Plaintiffs, Richie Cooper and Gail Cooper, are residents of Houston, Harris County, Texas.

Defendant, JPMorgan Chase Bank National Association, is a foreign financial institution authorized to conduct business in the State of Texas and has conducted business in Harris County, Texas at all times material to this lawsuit. Chase may be served with citation by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Defendant, Michael Olario, is an individual who may be served with citation at his place of business, J.P. Morgan Wealth Management, 6910 FM 1960 Road W, Houston, TX 77069-3702.

Defendant, Massachusetts Mutual Life Insurance is a mutual life insurance company domiciled in the Commonwealth of Massachusetts, with its principal office located at 1295 State Street, Springfield, Massachusetts. MassMutual maintains offices in Houston, Harris County, Texas, and can be served with citation by serving its registered agent for service of citation, Corporate Creations Network, Inc., 4265 San Felipe Street, Suite 1100, Houston, Texas 77027-2998.

Defendant, UMB Bank National Association, is a foreign financial institution doing business in Harris County, Texas. The bank is headquartered at 1010 Grand Boulevard, Kansas City, Missouri and can be served with citation by serving its Texas registered agent for service of citation, United Agent Group, Inc., 5444 Westheimer Road, Suite 1000, Houston, Texas 77056.

### 4.    Venue and Jurisdiction

This court has jurisdiction because the amount in controversy is within the jurisdictional limits of this court. Venue is proper in Harris County because the incident made the basis of this suit occurred in Harris County, Texas.

### 5. Facts

Richie Cooper and Gail Cooper purchased annuities through Mass Mutual. Richie Cooper purchased two annuity contracts, number 571092607 and 571092181. Gail purchased an annuity contract, number 571092605.

On May 29, 2025, Richie Cooper and Gail Cooper notified Mass Mutual of their intent to fully withdraw their funds from Mass Mutual and executed the proper documents for Mass Mutual to send payment. Richie Cooper was to receive a total of Two Hundred Seventy-Six Thousand

Four Hundred Sixty-Five and 76/100 Dollars. Gail Cooper was to receive One Hundred Ten Thousand Five Hundred Sixty-Two and 4/100 Dollars.

Gail and Richie Cooper had maintained bank accounts at Chase Bank for many years. Believing they were going to receive substantial funds, Gail and Richie Cooper met with Michael Olario, Vice-President-Investments and Private Client Advisor, J.P. Morgan, seeking his advice on managing the funds. They made Olario aware that they were receiving substantial funds from Mass Mutual which were to be deposited into Chase Bank for him to manage.

Mass Mutual prepared two checks and claims the checks were mailed to Richie Cooper and Gail Cooper at their home address in Houston, Texas.

The checks were to be mailed toward the end of June 2025.

Neither Richie Cooper or Gail Cooper received the checks which Mass Mutual promised to send, and they contacted Mass Mutual on or about July 7, 2025, to inform them the checks had not been received. Mass Mutual advised them that because of the July 4th holiday, the checks may take longer to arrive.

Having not received the checks for another week, Richie Cooper and Gail Cooper contacted Mass Mutual to inform them the checks had not arrived and would need to be reissued. Mass Mutual contacted them and told them that both checks had cleared and provided copies of the negotiated checks.

The markings on the back of the checks, which are attached as Exhibit 1 and Exhibit 2, indicated the checks had initially been presented to a Chase Bank, however the endorsement was clearly not the signature of Richie Cooper or Gail Cooper and were forgeries. Despite having a forged endorsement, Chase negotiated the checks which were then forwarded to UMB Bank, the drawing bank, which withdrew funds from the account of Mass Mutual.

Richie and Gail Cooper immediately notified UMB, Mass Mutual and Chase Bank that both checks bore a forged endorsement.

Richie Cooper and Gail Cooper made extensive efforts to have the checks reissued, yet Mass Mutual refuses to reissue the checks, UMB Bank refuses to return the funds to Mass Mutual and Chase Bank refuses to return funds to UMB.

### 6.    Cause of Action - Conversion

Plaintiffs had the immediate right of possession of the funds which were withdrawn from Mass Mutual which was their personal property. Chase, Michael Olario, UMB and Mass Mutual working either individually or in concert, have wrongly exercised dominion or control of the property and plaintiffs have suffered harm as a result.

### 7.    Negligence – Mass Mutual

Mass Mutual had a duty to exercise reasonable care in delivering the withdrawn funds to Plaintiffs. Rather than delivering the funds through a secure means, such as by special delivery, registered mail or overnight mail, Mass Mutual chose to deliver the funds via regular mail with no restrictions on who could receive the mail. Moreover, Mass Mutual maintains offices in Houston which could have received the checks and had them delivered in person or be picked up by plaintiffs. Mass Mutual breached its duty to securely deliver the funds and as a result of this breach, plaintiffs have been injured.

### 8.    Negligence – Chase and Michael Olario

Richie and Gail Cooper have had accounts with Chase for over 30 years and for that period of times, have provided signature cards to Chase. Michael Olario also obtained signatures from Richie and Gail Cooper during their meeting to open accounts with Chase Private Client. Based upon information and belief, the checks were deposited into a newly opened account at a Chase

branch in New York. Although banking regulations require individuals to provide Social Security Numbers when opening bank account, and despite the fact that Richie and Gail Cooper have accounts with Chase using their Social Security Numbers (which were different than the Social Security Numbers provided to the Chase branch when opening the account) and home address which was included in the "Payee" section of the checks (See Exhibits 1 and 2), Chase opened accounts under their names. Moreover, Chase failed to compare the signatures used to endorse the checks with the signatures Chase had on file and failed to determine why additional accounts were being opened utilizing a different address. All these acts constitute negligence by Chase and Michael Olario which resulted in harm to Ruchie Cooper and Gail Cooper.

### 9. Negligence – UMB

UMB had a duty to verify the endorsement of a check drawn on their bank before paying the check and was negligent in failing to verify the endorsement of the check before honoring the check which was drawn on their bank. As a result of this negligence, Richie Cooper and Gail Cooper were harmed.

### 10. Breach of Texas Business and Commerce Code Warranties

Mass Mutual, Chase, Michael Olario and UMB violated numerous provisions of the Texas Business and Commerce Code, which is materially consistent with the Uniform Commercial Code which has been adopted in all states relevant to this transaction. Section 4-401 clearly states that a check with a forged endorsement in not properly payable, however Chase and UMB paid these checks with forged endorsements and have failed to recredit the drawer's account. Mass Mutual refuses to reissue the checks to Richie and Gail Cooper.

By accepting and negotiating the checks, Chase, Michael Olario, Mass Mutual and UMB warrantied the checks as set forth in Texas Bus. & Com. Code §3.416, §3.417, §4.207 and §4.208.

Chase, Michael Olario, Mass Mutual and UMB are liable to the owners of the checks, Richie and

Gail Cooper, for failing to adhere to the warranties.

### 11.    Damages

Plaintiffs seek from all defendants the value of the checks which were never received or

which they never negotiated, together with interest which would have been earned on those funds

but for the actions of the defendants.

### 12.    Attorney Fees

Plaintiffs seek reasonable attorney fees which necessitated by the defendants' refusal to

reissue the checks or to honor the warranties set forth above.

### 13.    Interest

Plaintiffs seek prejudgment and post judgment interest as permitted by law.

### PRAYER

Plaintiffs pray that all defendants be served with citation and that on final trial plaintiffs be

awarded all sums to which they are entitled including actual damages, interest, attorney's fees and

all other damages both at law and in equity to which they are entitled.

Respectfully submitted;

WADLER LAW

Michael R. Wadler
mwadler@wadlerlaw.com
State Bar Number 20646500
2100 West Loop South, Suite 1100
Houston, TX 77027
713/979-5936
Facsimile – 281/768-6229

ATTORNEY FOR PLAINTIFFS

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Michael Wadler
Bar No. 20646500
mwadler@wadlerlaw.com
Envelope ID: 104881274
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 8/27/2025 8:43 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Wadler | | mwadler@wadlerlaw.com | 8/26/2025 4:44:59 PM | NOT SENT |
| Michael Wadler | | mwadler@wadlerlaw.com | 8/26/2025 4:44:59 PM | NOT SENT |

# EXHIBIT A-9

9/15/2025 4:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 105609367
By: Tammy Tolman
Filed: 9/15/2025 4:14 PM

**Return/Affidavit Attached**

Receipt Number: 1037667
Tracking Number: 74541429

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202562686

| | |
|---|---|
| PLAINTIFF: COOPER, RICHIE | In the 190th Judicial |
| vs. | District Court of |
| DEFENDANT: MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: OLARIO, MICHAEL

6910 FM 1960 ROAD W

HOUSTON TX 77069-3702

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on August 26, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this September 11, 2025.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: JAROD STIRRUP

Issued at request of:
WADLER, MICHAEL R.
2100 WEST LOOP SOUTH, SUITE 1100
HOUSTON, TX  77027
713-970-5936
Bar Number: 20646500

**Return/Affidavit Attached**

Tracking Number: 74541429

CAUSE NUMBER: 202562686

PLAINTIFF: COOPER, RICHIE                          In the 190th

   vs.                                              Judicial District Court

DEFENDANT:   MASSACHUSETTS   MUTUAL   LIFE        of Harris County, Texas

INSURANCE COMPANY

OFFICER/AUTHORIZED PERSON RETURN

Came   to   hand   at   <u>11:10</u>   o'clock   <u>A</u>   M., on   the   <u>12th</u>   day   of
<u>September</u> , 20<u>25</u>.
Executed at  (address)  <u>6910 Farm to Market 1960 Rd W, Houston, TX 77069</u>
in   <u>Harris</u>      County
at   <u>1:10</u>   o'clock   <u>P</u> .   M., on   the   <u>15th</u>   day   of
<u>September</u> , 20 <u>25</u> ,
by   delivering   to   <u>Michael Olario</u>                                 defendant,
in person, a true copy of this
Citation   together   with   the   accompanying   <u>1</u>   copy(ies)   of   the
<u>Plaintiff's Original Petition, Exhibits A, B</u>         Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To   certify   which   I   affix   my   hand   officially   this   <u>15th</u>   day   of
<u>September</u> , 20 <u>25</u> .

FEE:  $ _____             <u>Paul Franco, Authorized Person</u>

                      <u>Harris County</u>   of   <u>Texas</u>

County, Texas _____
                      By: _____
_____
   Affiant PSC: 11850 exp. 02/28/2027          Deputy
On this day, _____ <u>Paul Franco</u> _____ , known to me to be
the person whose signature
appears on the foregoing return, personally appeared.  After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN   TO   AND   SUBSCRIBED   BEFORE   ME   on   this   <u>15th</u>   of
<u>September</u> , 20 <u>25</u>

                      *Natalia Lisenko*
                      Notary Public



NATALIA LISENKO
Notary Public, State of Texas
Comm. Expires 03-22-2029
Notary ID 129293165

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 105609367
Filing Code Description: No Fee Documents
Filing Description: No Fee Documents
Status as of 9/16/2025 7:47 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Wadler | | mwadler@wadlerlaw.com | 9/15/2025 4:14:38 PM | SENT |

# EXHIBIT A-10

9/15/2025 4:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 105609367
By: Tammy Tolman
Filed: 9/15/2025 4:14 PM

Return/Affidavit Attached

Receipt Number: 1037667
Tracking Number: 74541408

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202562686

| | |
|---|---|
| PLAINTIFF: COOPER, RICHIE | In the 190th Judicial |
| vs. | District Court of |
| DEFENDANT: MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY MAY BE SERVED BY ITS REGISTERED AGENT
CORPORATE CREATIONS NETWORK INC

4256 SAN FELIPE STREET SUITE 1100

HOUSTON TX 77027-2998

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on August 26, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this September 11, 2025.

*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: JAROD STIRRUP

Issued at request of:
WADLER, MICHAEL R.
2100 WEST LOOP SOUTH, SUITE 1100
HOUSTON, TX  77027
713-970-5936
Bar Number: 20646500

Return/Affidavit Attached

Tracking Number: 74541408

CAUSE NUMBER: 202562686

PLAINTIFF: COOPER, RICHIE

In the 190th

vs.

Judicial District Court

DEFENDANT: MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY

of Harris County, Texas

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at __11:16__ o'clock __A__ M., on the __12th__ day of __September__ , 20 __25__ .

Executed at (address) __5444 Westheimer # 1000, Houston, TX 77056__ in __Harris__ County at __2:25__ o'clock __P__ M., on the __15th__ day of __September__ , 20 __25__ ,

by delivering to ___Massachusetts Mutual Life Insurance Company__ by delivering to Maria Jacobs, authorized defendant, in person, a true copy of this to accept on behalf of Registered Agent, CORPORATE CREATIONS NETWORK INC.

Citation together with the accompanying __1__ copy(ies) of the __Plaintiff's Original Petition, Exhibits A, B__ Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this __15th__ day of __September__ , 20 __25__ .

FEE: $ _____

County, Texas

__Affiant  PSC: 11850 exp. 02/28/2027__

___Paul Franco, Authorized Person___

___Harris County___ of ___Texas___

By: _____

Deputy

On this day, ___Paul Franco___ , known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this __15th__ of __September__ , 20 __25__ .

___Natalia Lisenko___
Notary Public

NATALIA LISENKO
Notary Public, State of Texas
Comm. Expires 03-22-2029
Notary ID 129293165

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 105609367
Filing Code Description: No Fee Documents
Filing Description: No Fee Documents
Status as of 9/16/2025 7:47 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Wadler | | mwadler@wadlerlaw.com | 9/15/2025 4:14:38 PM | SENT |

# EXHIBIT A-11

9/15/2025 4:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 105609367
By: Tammy Tolman
Filed: 9/15/2025 4:14 PM

Return/Affidavit Attached

Receipt Number: 1037667
Tracking Number: 74541394

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202562686

| | |
|---|---|
| PLAINTIFF: COOPER, RICHIE | In the 190th Judicial |
| vs. | District Court of |
| DEFENDANT: MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: UMB BANK NATIONAL ASSOCIATION MAY BE SERVED BY ITS REGISTERED AGENT UNITED AGENT GROUP INC

5444 WESTHEIMER ROAD SUITE 1000

HOUSTON TX 77056

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on August 26, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this September 11, 2025.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: JAROD STIRRUP

Issued at request of:
WADLER, MICHAEL R.
2100 WEST LOOP SOUTH, SUITE 1100
HOUSTON, TX 77027
713-970-5936
Bar Number: 20646500

Return/Affidavit Attached

Tracking Number: 74541394

CAUSE NUMBER: 202562686

PLAINTIFF: COOPER, RICHIE

In the 190th

   vs.

Judicial District Court

DEFENDANT:   MASSACHUSETTS   MUTUAL   LIFE

of Harris County, Texas

INSURANCE COMPANY

OFFICER/AUTHORIZED PERSON RETURN

Came   to   hand   at   _11:16_ o'clock   __A__   M.,   on   the   _12th_   day   of
_September_ , 20 25 .

Executed at (address) _5444 Westheimer #1000, Houston, Texas 77056_

in   _Harris_   County

at   _2:25_   o'clock   _P_   M.,   on   the   _15th_   day   of
_September_ , 20 25 ,

by   delivering   to   _UMB Bank National Association by delivering to Maria Jacobs, authorized to_   defendant,
in person, a true copy of this _accept on behalf of Registered Agent, United Agent Group Inc._

Citation   together   with   the   accompanying   _1_   copy(ies)   of   the
_Plaintiff's Original Petition, Exhibits A, B_   Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To   certify   which   I   affix   my   hand   officially   this   _15th_   day   of
_September_ , 20 25 .

FEE:  $ _____

_Paul Franco, Authorized Person_

_Harris County_   of   _Texas_

County, Texas

_____

By: _____

Affiant / PSC: 11850 exp. 02/28/2027

Deputy

On this day, _Paul Franco_ , known to me to be
the person whose signature

appears on the foregoing return, personally appeared.  After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN   TO   AND   SUBSCRIBED   BEFORE   ME   on   this   _15th_   of
_September_ , 20 _25_

_Natalia Lisenko_

Notary Public

NATALIA LISENKO
Notary Public, State of Texas
Comm. Expires 03-22-2029
Notary ID 129293165

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 105609367
Filing Code Description: No Fee Documents
Filing Description: No Fee Documents
Status as of 9/16/2025 7:47 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Wadler | | mwadler@wadlerlaw.com | 9/15/2025 4:14:38 PM | SENT |

# EXHIBIT A-12

10/3/2025 3:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 106436099
By: Tammy Tolman
Filed: 10/3/2025 3:29 PM

CAUSE NO. 202562686

| | | |
|---|---|---|
| RICHIE COOPER and GAIL COOPER, | § | IN THE 190th DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | OF |
| MASSACHUSETTS MUTUAL LIFE | § | |
| INSURANCE COMPANY, JP | § | |
| MORGAN CHASE BANK, N.A., UMB | § | |
| BANK, N.A. and MICHAEL OLARIO | § | HARRIS COUNTY, TEXAS |
| *Defendants.* | § | |

## DEFENDANT UMB BANK'S GENERAL DENIAL

NOW COMES, UMB Bank, n.a. (hereinafter the "Defendant") and files this its Original

Answer, and would show unto the Court as follows:

### I.
### GENERAL DENIAL

1.      Defendant does hereby exercise its rights under law wherein Defendant may file a

general denial and require the Plaintiffs prove their causes of action by a preponderance of the

evidence. Defendant, therefore, denies each and every, all and singular, the allegations contained

in Plaintiff's Original Petition.

### II.
### AFFIRMATIVE DEFENSES AND RESPONSIVE PLEADINGS

2.      UMB reserves the right to timely remove this action to Federal Court.

3.      Plaintiffs lack standing to assert claims against UMB for the alleged wrongful

payment of a check drawn on the account of Massachusetts Mutual Life Insurance Company.

WHEREFORE, PREMISES CONSIDERED, Defendant, UMB Bank, n.a. respectfully

prays that upon final judgment entered herein, Plaintiffs recover nothing against Defendant, that

Defendant have judgment in its favor, that all costs be taxed against Plaintiffs, and for such other

and further relief, at law or in equity, to which Defendant is justly entitled.

Respectfully submitted,

**MULLIN HOARD & BROWN, L.L.P.**

Matthew S. Merriott, Texas Bar No. 24100846
500 South Taylor, Suite 800
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086
Email: mmerriott@mhba.com

/s/ *Matthew S. Merriott*
Matthew S. Merriott

***Attorney for Defendant UMB Bank, n.a.***

## CERTIFICATE OF SERVICE

This is to certify that I have served a true and correct copy of the foregoing document upon all known counsel of record, as indicated below, in conformity with the TEXAS RULES OF CIVIL PROCEDURE on this 3rd day of October 2025.

Michael R. Wadler
State Bar No. 20646500
mwadler@wadlerlaw.com
2100 West Loop South, Suite 1100
Houston, Texas 77027-3534
Telephone: (713) 979-5936
Facsimile: (281) 768-6229

/s/ *Matthew S. Merriott*
Matthew S. Merriott

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Lesley Steen on behalf of Matthew Merriott
Bar No. 24100846
lsteen@mhba.com
Envelope ID: 106436099
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant UMB Bank's General Denial
Status as of 10/3/2025 4:11 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrew C.Whitaker | | andrew.whitaker@figdav.com | 10/3/2025 3:29:46 PM | SENT |
| Candace Gullatt | | candace.gullatt@figdav.com | 10/3/2025 3:29:46 PM | SENT |
| Danna Walls | | danna.walls@figdav.com | 10/3/2025 3:29:46 PM | SENT |
| Michael Wadler | | mwadler@wadlerlaw.com | 10/3/2025 3:29:46 PM | SENT |
| Matthew Merriott | | mmerriott@mhba.com | 10/3/2025 3:29:46 PM | SENT |
| Lesley Steen | | lsteen@mhba.com | 10/3/2025 3:29:46 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT A-13

10/3/2025 2:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 106429356
By: Precious Mouton
Filed: 10/3/2025 2:05 PM

CAUSE NO. 2025-62686

| | | |
|---|---|---|
| RICHIE COOPER and GAIL COOPER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 190TH JUDICIAL DISTRICT |
| | § | |
| MASSACHUSETTS MUTUAL LIFE | § | |
| INSURANCE COMPANY, JP MORGAN | § | |
| CHASE BANK, NATIONAL | § | |
| ASSOCIATION, UMB BANK NATIONAL | § | |
| ASSOCIATION, and MICHAEL OLARIO, | § | |
| | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

## DEFENDANT MASSACHUSETTS MUTUAL
## LIFE INSURANCE COMPANY'S ORIGINAL ANSWER

Defendant Massachusetts Mutual Life Insurance Company ("MassMutual") files this original answer to Plaintiff's Original Petition (the "Petition") and states:

### ANSWER

1.     **General denial.**  Subject to such admissions and stipulations as may be made at the time of trial, MassMutual denies generally and specially the material allegations in the Petition and demands strict proof thereof in accordance with the requirements of the laws of this State.

### REQUESTED RELIEF

2.     **Prayer.**  MassMutual respectfully requests the following relief:

(a)     That Plaintiffs take nothing by reason of their suit;

(b)     That MassMutual recover its court costs; and

(c)     That MassMutual have all such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

By:     /s/ Andrew C. Whitaker
        Andrew C. Whitaker
        State Bar No. 21273600
        andrew.whitaker@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEY FOR DEFENDANT
MASSACHUSETTS MUTUAL
LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that, on October 3, 2025, a true and correct copy of the foregoing document has been served via efile.txcourts.gov on Mr. Michael R. Wadler, Wadler Law, 2100 West Loop South, Suite 1100, Houston, Texas 77027.

                         /s/ Andrew C. Whitaker
                         Andrew C. Whitaker

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrew Whitaker on behalf of Andrew Whitaker
Bar No. 21273600
andrew.whitaker@figdav.com
Envelope ID: 106429356
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant Massachusetts Mutual Life Insurance Company's Original Answer
Status as of 10/3/2025 2:31 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| Michael Wadler | | mwadler@wadlerlaw.com | 10/3/2025 2:05:51 PM | SENT |
| Andrew C.Whitaker | | andrew.whitaker@figdav.com | 10/3/2025 2:05:51 PM | SENT |
| Danna Walls | | danna.walls@figdav.com | 10/3/2025 2:05:51 PM | SENT |
| Candace Gullatt | | candace.gullatt@figdav.com | 10/3/2025 2:05:51 PM | SENT |

# EXHIBIT A-14

10/6/2025 10:03 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 106471832
By: Tammy Tolman
Filed: 10/6/2025 10:03 AM

CAUSE NO. 2025-62686

| | | |
|---|---|---|
| RICHIE COOPER and GAIL COOPER | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, T E X A S |
| MASSACHUSETTS MUTUAL LIFE | § | |
| INSURANCE COMPANY, JPMORGAN | § | |
| CHASE BANK, NATIONAL ASSOCIATION | § | |
| And MICHAEL OLARIO | § | 190TH JUDICIAL DISTRICT |

**DEFENDANT, JPMORGAN CHASE BANK, N.A.'S,
ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE COURT:

COMES NOW, JPMorgan Chase Bank, N.A. ("Chase"), and files its Original Answer to

Plaintiffs' Original Petition and states the following:

**GENERAL DENIAL**

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Chase generally denies

each and every allegation contained in Plaintiffs' most recent Petition and demands strict proof

thereof by a preponderance of the evidence.

**AFFIRMATIVE DEFENSES AND OTHER DEFENSIVE MATTERS**

2.      Without assuming any burdens other than those imposed by applicable law, Chase

sets forth the following affirmative defenses and other matters in defense or rebuttal, each asserted

in combination or in the alternative, subject to and without waiving its general denial:

3.      Pleading additionally and in the alternative, and without waiver of the foregoing,

Plaintiffs' tort claims of conversion and negligence fail because a written contract governs the

parties' relationship, as does the Deposit Account Agreement between Plaintiffs and Chase.

4.      Pleading additionally and in the alternative, and without waiver of the foregoing, Chase is not liable to Plaintiffs for Plaintiffs' tort claims because those tort claims are barred under the economic loss rule.

5.      Pleading additionally and in the alternative, and without waiver of the foregoing, Chase denies that it owed Plaintiffs any UCC presentment or transfer warranties.

6.      Pleading additionally and in the alternative, and without waiver of the foregoing, Chase denies that it breached any alleged UCC presentment or transfer warranties.

7.      Pleading additionally and in the alternative, and without waiver of the foregoing, Chase denies that UCC transfer warranties arise under the facts alleged by Plaintiffs.

8.      Pleading additionally and in the alternative, and without waiver of the foregoing, the common law claims asserted herein against Chase are preempted by the Uniform Commercial Code and should be dismissed.

9.      Pleading additionally and in the alternative, and without waiver of the foregoing, Chase denies any liability for the subject checks under the imposter, fictitious payee, and/or faithless employee rules per §§ 3.404 and 3.405 of the UCC.

10.      Pleading additionally and in the alternative, and without waiver of the foregoing, Chase asserts that Plaintiffs' claim for conversion fails under the facts alleged by Plaintiffs per § 3.420 of the UCC.

11.      Pleading additionally and in the alternative, and without waiver of the foregoing, Chase states that it did not owe Plaintiffs any duties as alleged in Plaintiffs' Petition.

12.      Pleading additionally and in the alternative, and without waiver of the foregoing, Chase did not violate any duty, or applicable laws, rules, regulations, or statutes.

13.     Pleading additionally and in the alternative, and without waiver of the foregoing, Chase acted in good faith and in a commercially reasonable manner in relation to the subject transactions.

14.     Pleading additionally and in the alternative, and without waiver of the foregoing, Chase did not engage in any unreasonable, negligent, faulty, reckless, or wrongful conduct or care that proximately caused or contributed to any alleged damages asserted by the Plaintiffs.

15.     Pleading additionally and in the alternative, and without waiver of the foregoing, the acts of parties outside Chase's control contributed to or caused the damages complained of by Plaintiffs.

16.     Pleading additionally and in the alternative, and without waiver of the foregoing, Chase would show that the damages allegedly suffered by Plaintiffs were proximately caused or contributed to by the negligence of a person or third party over whom Chase had no control and for which Chase is not responsible. Accordingly, to the extent that the jury finds that the negligence of a co-Defendant, Plaintiffs, settling or dismissed person, or responsible third party was the sole cause, sole proximate cause, producing cause, new and independent, or intervening cause, of the alleged damages to Plaintiffs, if any, Chase would show that it had no control over and is not responsible for said persons or entities.

17.     Pleading additionally and in the alternative, and without waiver of the foregoing, Chase would show that Plaintiffs' damages, if any, were the result of circumstances and events beyond Chase's control.  Further, the event that occurred was the result of events which intervened and served as the superseding cause of Plaintiffs' alleged damages, such that any conduct of Chase was not the proximate cause of any damages to Plaintiffs.

18.     Pleading additionally and in the alternative, and without waiver of the foregoing, in the unlikely event any party is found at fault, Chase asserts the defenses of comparative responsibility and contribution in accordance with Chapter 33, et seq., of the Texas Civil Practice & Remedies Code. Chase requests that the trier-of-fact compare the responsibility of all the parties, including any responsible third parties, and assign percentages of responsibility to same to determine recovery accordingly, and that any judgment rendered to be done so pursuant to the rights of the contribution afforded Chase in Section 33.012 of the Texas Civil Practice and Remedies Code.

19.     Pleading additionally and in the alternative, and without waiver of the foregoing, Chase would show that in the event Plaintiffs make or have made a settlement with any person or entity, whether or not a party to this litigation, Chase asserts its rights to the maximum settlement credit permitted by law and makes known to the other parties and to the Court that Chase will avail itself of its rights under Section 33.001, et seq., of the Texas Civil Practice and Remedies Code.

20.     Pleading additionally and in the alternative, and without waiver of the foregoing, Chase states that in the event of recovery of damages from Chase in this case, any award of pre- and post-judgment interest is limited by the provisions of Sections 304.1045 and 304.003 of the Texas Finance Code.

## **RULE 193.7 NOTICE**

21.     Pleading further, and without waiver of the foregoing, Chase hereby gives actual notice to Plaintiffs and all other parties that any and all documents produced during discovery or otherwise may be used against Plaintiffs and all other parties at any pre-trial proceeding and/or trial without the necessity of authenticating the document.  This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

**RIGHT TO AMEND**

22.     As authorized by Rule 63 of the Texas Rules of Civil Procedure, Chase hereby reserves its right to supplement and/or amend its answer and accompanying responsive pleadings as discovery progresses and additional information becomes available.

**PRAYER**

WHEREFORE, JPMorgan Chase Bank, N.A. ("Chase") prays that Plaintiffs take nothing as to Chase, that Chase recover its attorney's fees and costs of court incurred, and for such other and further relief as shall be just.

Respectfully submitted,

STEPTOE & JOHNSON PLLC


By: */s/ Jason R. Grill*
      Jason R. Grill
      State Bar No.: 24002185
      jason.grill@steptoe-johnson.com
      Brice Phillips
      State Bar No.:  24125358
      brice.phillips@steptoe-johnson.com
1780 Hughes Landing Boulevard, Suite 750
The Woodlands, Texas   77380
281.203.5700
*Attorneys for Defendant, JPMorgan Chase Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all parties listed below as indicated on this the 6th day of October, 2025:

*Via E-service*
Michael R. Wadler
WADLER LAW
2100 West Loop South, Suite 1100
Houston, Texas 77027
mwadler@wadlerlaw.com
*Attorney for Plaintiffs,*
*Rich and Gail Cooper*

*/s/ Jason R. Grill*
Jason R. Grill

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 106471832
Filing Code Description: Answer/ Response / Waiver
Filing Description: JPMorgan Chase Bank's Original Answer
Status as of 10/6/2025 11:17 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrew C.Whitaker | | andrew.whitaker@figdav.com | 10/6/2025 10:03:30 AM | SENT |
| Candace Gullatt | | candace.gullatt@figdav.com | 10/6/2025 10:03:30 AM | SENT |
| Lesley Steen | | lsteen@mhba.com | 10/6/2025 10:03:30 AM | SENT |
| Danna Walls | | danna.walls@figdav.com | 10/6/2025 10:03:30 AM | SENT |
| Matthew Merriott | | mmerriott@mhba.com | 10/6/2025 10:03:30 AM | SENT |
| Michael Wadler | | mwadler@wadlerlaw.com | 10/6/2025 10:03:30 AM | SENT |
| Tracey Tarvin | | tracey.tarvin@steptoe-johnson.com | 10/6/2025 10:03:30 AM | SENT |
| Jason R. Grill | | jason.grill@steptoe-johnson.com | 10/6/2025 10:03:30 AM | SENT |
| Brice Phillips | | brice.phillips@steptoe-johnson.com | 10/6/2025 10:03:30 AM | SENT |

# EXHIBIT A-15

10/6/2025 10:06 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 106472064
By: Tammy Tolman
Filed: 10/6/2025 10:06 AM

CAUSE NO. 2025-62686

| | | |
|---|---|---|
| RICHIE COOPER and GAIL COOPER | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, T E X A S |
| MASSACHUSETTS MUTUAL LIFE | § | |
| INSURANCE COMPANY, JPMORGAN | § | |
| CHASE BANK, NATIONAL ASSOCIATION | § | |
| And MICHAEL OLARIO | § | 190TH JUDICIAL DISTRICT |

### DEFENDANT, MICHAEL OLARIO'S,
### ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, Michael Olario ("Defendant Olario"), and files his Original Answer to Plaintiffs' Original Petition and states the following:

### GENERAL DENIAL

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant Olario generally denies each and every allegation contained in Plaintiffs' most recent Petition and demands strict proof thereof by a preponderance of the evidence.

### AFFIRMATIVE DEFENSES AND OTHER DEFENSIVE MATTERS

2.     Without assuming any burdens other than those imposed by applicable law, Defendant Olario sets forth the following affirmative defenses and other matters in defense or rebuttal, each asserted in combination or in the alternative, subject to and without waiving his general denial:

3.     Pleading additionally and in the alternative, and without waiver of the foregoing, Plaintiffs' tort claims of conversion and negligence fail because a written contract governs the parties' relationship, as does the Deposit Account Agreement between Plaintiffs and Chase.

4.      Pleading additionally and in the alternative, and without waiver of the foregoing, Defendant Olario is not liable to Plaintiffs for Plaintiffs' tort claims because those tort claims are barred under the economic loss rule.

5.      Pleading additionally and in the alternative, and without waiver of the foregoing, Defendant Olario denies that he owed Plaintiffs any UCC presentment or transfer warranties.

6.      Pleading additionally and in the alternative, and without waiver of the foregoing, Defendant Olario denies that he breached any alleged UCC presentment or transfer warranties.

7.      Pleading additionally and in the alternative, and without waiver of the foregoing, Defendant Olario denies that UCC transfer warranties arise under the facts alleged by Plaintiffs.

8.      Pleading additionally and in the alternative, and without waiver of the foregoing, the common law claims asserted herein against Defendant Olario are preempted by the Uniform Commercial Code and should be dismissed.

9.      Pleading additionally and in the alternative, and without waiver of the foregoing, Defendant Olario asserts that Plaintiffs' claim for conversion fails under the facts alleged by Plaintiffs per § 3.420 of the UCC.

10.      Pleading additionally and in the alternative, and without waiver of the foregoing, Defendant Olario states that he did not owe Plaintiffs any duties as alleged in Plaintiffs' Petition.

11.      Pleading additionally and in the alternative, and without waiver of the foregoing, Defendant Olario did not violate any duty, or applicable laws, rules, regulations, or statutes.

12.      Pleading additionally and in the alternative, and without waiver of the foregoing, Defendant Olario acted in good faith and in a commercially reasonable manner in relation to the subject transactions.

13.     Pleading additionally and in the alternative, and without waiver of the foregoing, Defendant Olario did not engage in any unreasonable, negligent, faulty, reckless, or wrongful conduct or care that proximately caused or contributed to any alleged damages asserted by the Plaintiffs.

14.     Pleading additionally and in the alternative, and without waiver of the foregoing, the acts of parties outside Defendant Olario's control contributed to or caused the damages complained of by Plaintiffs.

15.     Pleading additionally and in the alternative, and without waiver of the foregoing, Defendant Olario would show that the damages allegedly suffered by Plaintiffs were proximately caused or contributed to by the negligence of a person or third party over whom Defendant Olario had no control and for which Defendant Olario is not responsible. Accordingly, to the extent that the jury finds that the negligence of a co-Defendant, Plaintiffs, settling or dismissed person, or responsible third party was the sole cause, sole proximate cause, producing cause, new and independent, or intervening cause, of the alleged damages to Plaintiffs, if any, Defendant Olario would show that he had no control over and is not responsible for said persons or entities.

16.     Pleading additionally and in the alternative, and without waiver of the foregoing, Defendant Olario would show that Plaintiffs' damages, if any, were the result of circumstances and events beyond Defendant Olario's control.  Further, the event that occurred was the result of events which intervened and served as the superseding cause of Plaintiffs' alleged damages, such that any conduct of Defendant Olario was not the proximate cause of any damages to Plaintiffs.

17.     Pleading additionally and in the alternative, and without waiver of the foregoing, in the unlikely event any party is found at fault, Defendant Olario asserts the defenses of comparative responsibility and contribution in accordance with Chapter 33, et seq., of the Texas

Civil Practice & Remedies Code. Defendant Olario requests that the trier-of-fact compare the responsibility of all the parties, including any responsible third parties, and assign percentages of responsibility to same to determine recovery accordingly, and that any judgment rendered to be done so pursuant to the rights of the contribution afforded Defendant Olario in Section 33.012 of the Texas Civil Practice and Remedies Code.

18.    Pleading additionally and in the alternative, and without waiver of the foregoing, Defendant Olario would show that in the event Plaintiffs make or have made a settlement with any person or entity, whether or not a party to this litigation, Defendant Olario asserts his rights to the maximum settlement credit permitted by law and makes known to the other parties and to the Court that Defendant Olario will avail himself of his rights under Section 33.001, et seq., of the Texas Civil Practice and Remedies Code.

19.    Pleading additionally and in the alternative, and without waiver of the foregoing, Defendant Olario states that in the event of recovery of damages from Defendant Olario in this case, any award of pre- and post-judgment interest is limited by the provisions of Sections 304.1045 and 304.003 of the Texas Finance Code.

## **RULE 193.7 NOTICE**

20.    Pleading further, and without waiver of the foregoing, Defendant Olario hereby gives actual notice to Plaintiffs and all other parties that any and all documents produced during discovery or otherwise may be used against Plaintiffs and all other parties at any pre-trial proceeding and/or trial without the necessity of authenticating the document.  This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

**RIGHT TO AMEND**

21.     As authorized by Rule 63 of the Texas Rules of Civil Procedure, Defendant Olario

hereby reserves his right to supplement and/or amend his answer and accompanying responsive

pleadings as discovery progresses and additional information becomes available.

**PRAYER**

WHEREFORE, Michael Olario ("Defendant Olario") prays that Plaintiffs take nothing as

to Defendant Olario, that Defendant Olario recover his attorney's fees and costs of court incurred,

and for such other and further relief as shall be just.

Respectfully submitted,

STEPTOE & JOHNSON PLLC


By: */s/ Jason R. Grill*
    Jason R. Grill
    State Bar No.: 24002185
    jason.grill@steptoe-johnson.com
    Brice Phillips
    State Bar No.:  24125358
    brice.phillips@steptoe-johnson.com
1780 Hughes Landing Boulevard, Suite 750
The Woodlands, Texas   77380
281.203.5700
*Attorneys for Defendant, Michael Olario*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all parties listed below as indicated on this the 6th day of October, 2025:

*Via E-service*
Michael R. Wadler
Wadler Law
2100 West Loop South, Suite 1100
Houston, Texas 77027
mwadler@wadlerlaw.com
*Attorney for Plaintiffs,*
*Rich and Gail Cooper*


*/s/ Jason R. Grill*
Jason R. Grill

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 106472064
Filing Code Description: Answer/ Response / Waiver
Filing Description: Michael Olario's Original Answer
Status as of 10/6/2025 11:18 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrew C.Whitaker | | andrew.whitaker@figdav.com | 10/6/2025 10:06:24 AM | SENT |
| Candace Gullatt | | candace.gullatt@figdav.com | 10/6/2025 10:06:24 AM | SENT |
| Lesley Steen | | lsteen@mhba.com | 10/6/2025 10:06:24 AM | SENT |
| Jason R. Grill | | jason.grill@steptoe-johnson.com | 10/6/2025 10:06:24 AM | SENT |
| Tracey Tarvin | | tracey.tarvin@steptoe-johnson.com | 10/6/2025 10:06:24 AM | SENT |
| Danna Walls | | danna.walls@figdav.com | 10/6/2025 10:06:24 AM | SENT |
| Matthew Merriott | | mmerriott@mhba.com | 10/6/2025 10:06:24 AM | SENT |
| Michael Wadler | | mwadler@wadlerlaw.com | 10/6/2025 10:06:24 AM | SENT |
| Brice Phillips | | brice.phillips@steptoe-johnson.com | 10/6/2025 10:06:24 AM | SENT |

# EXHIBIT A-16

Case No. 202562686

**DCORX**

COOPER, RICHIE

vs.

MASSACHUSETTS MUTUAL LIFE INSU

\*
\*
\*
\*
\*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

190th JUDICIAL DISTRICT

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed the item is governed by the Texas Rules of Civil Procedure.

**1. 3/9/2026**   **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**   **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 195.5(a) as follows:

**(a) 6/8/2026**   Experts for parties seeking affirmative relief.
**(b) 7/8/2026**   All other experts.

**3.**   **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 8/7/2026**   **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**   **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a)**   No-evidence motions for summary judgment may only be heard after this date.
**(b) 8/7/2026**   All dispositive motions or pleas must be heard.

**6. 8/7/2026**   **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 8/7/2026**   **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**   **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME.  Failure to appear will be grounds for dismissal for want of prosecution.

**9. 9/7/2026**   **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

JP MORGAN CHASE BANK NATIONAL ASSOCIATION

6

**BEAU MILLER**
**JUDGE, 190TH DISTRICT COURT**
**Date Generated: 10/6/2025**

JCVO02

Case No. 202562686

**DCORX**

COOPER, RICHIE

vs.

MASSACHUSETTS MUTUAL LIFE INSU

\*
\*
\*
\*
\*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

190th JUDICIAL DISTRICT

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 3/9/2026**    **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**    **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 195.5(a) as follows:

**(a) 6/8/2026**    Experts for parties seeking affirmative relief.
**(b) 7/8/2026**    All other experts.

**3.**    **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 8/7/2026**    **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**    **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a)**    No-evidence motions for summary judgment may only be heard after this date.
**(b) 8/7/2026**    All dispositive motions or pleas must be heard.

**6. 8/7/2026**    **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 8/7/2026**    **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**    **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME.  Failure to appear will be grounds for dismissal for want of prosecution.

**9. 9/7/2026**    **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

MICHAEL OLARIO

5

**BEAU MILLER**
**JUDGE, 190TH DISTRICT COURT**
**Date Generated: 10/6/2025**

JCVO02

Case No. 202562686                                                    **DCORX**

COOPER, RICHIE                              *                IN THE DISTRICT COURT OF
                                           *
vs.                                        *                HARRIS COUNTY, TEXAS
                                           *
MASSACHUSETTS MUTUAL LIFE INSU             *                190th JUDICIAL DISTRICT
                                           *

## SCHEDULING AND DOCKET CONTROL ORDER

      The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 3/9/2026**     **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. <u>The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.</u>

**2.**     **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 195.5(a) as follows:

**(a) 6/8/2026**     Experts for parties seeking affirmative relief.
**(b) 7/8/2026**     All other experts.

**3.**     **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 8/7/2026**     **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**     **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a)**     No-evidence motions for summary judgment may only be heard after this date.
**(b) 8/7/2026**     All dispositive motions or pleas must be heard.

**6. 8/7/2026**     **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 8/7/2026**     **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**     **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME. <u>Failure to appear will be grounds for dismissal for want of prosecution.</u>

**9. 9/7/2026**     **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

MICHAEL R. WADLER                                         **BEAU MILLER**
2100 WEST LOOP SOUTH, SUITE 1100        20646500         **JUDGE, 190TH DISTRICT COURT**
HOUSTON, TX 77027                                         **Date Generated: 10/6/2025**
                                                                              JCVO02

Case No. 202562686                                    **DCORX**

COOPER, RICHIE                          *            IN THE DISTRICT COURT OF
                                        *
vs.                                     *            HARRIS COUNTY, TEXAS
                                        *
MASSACHUSETTS MUTUAL LIFE INSU          *            190th JUDICIAL DISTRICT
                                        *

## SCHEDULING AND DOCKET CONTROL ORDER

      The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 3/9/2026**    **JOINDER.** All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**    **EXPERT WITNESS DESIGNATION.** Parties must designate expert witnesses and furnish the information set forth under Rule 195.5(a) as follows:

**(a) 6/8/2026**    Experts for parties seeking affirmative relief.
**(b) 7/8/2026**    All other experts.

**3.**    **MEDIATION.** Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 8/7/2026**    **DISCOVERY.** Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**    **DISPOSITIVE MOTIONS.** Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a)**    No-evidence motions for summary judgment may only be heard after this date.
**(b) 8/7/2026**    All dispositive motions or pleas must be heard.

**6. 8/7/2026**    **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 8/7/2026**    **PLEADINGS.** Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**    **DOCKET CALL.** Parties must be prepared to discuss all aspects of trial with the Court at TIME: Failure to appear will be grounds for dismissal for want of prosecution.

**9. 9/7/2026**    **TRIAL.** This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

ANDREW C. WHITAKER                                    **BEAU MILLER**
901 MAIN STR #3400                 21273600           **JUDGE, 190TH DISTRICT COURT**
DALLAS, TX 75202-3796                                 **Date Generated: 10/6/2025**      JCVO02

Case No. 202562686                                                **DCORX**

COOPER, RICHIE                          *          IN THE DISTRICT COURT OF

vs.                                     *          HARRIS COUNTY, TEXAS

MASSACHUSETTS MUTUAL LIFE INSU          *          190th JUDICIAL DISTRICT
                                        *

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed the item is governed by the Texas Rules of Civil Procedure.

**1. 3/9/2026**   **JOINDER**.  All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**            **EXPERT WITNESS DESIGNATION**.  Parties must designate expert witnesses and furnish the information set forth under Rule 195.5(a) as follows:

**(a) 6/8/2026**   Experts for parties seeking affirmative relief.
**(b) 7/8/2026**   All other experts.

**3.**            **MEDIATION.**  Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 8/7/2026**   **DISCOVERY.**  Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**            **DISPOSITIVE MOTIONS.**  Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a)**           No-evidence motions for summary judgment may only be heard after this date.
**(b) 8/7/2026**  All dispositive motions or pleas must be heard.

**6. 8/7/2026**   **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 8/7/2026**   **PLEADINGS**.  Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**            **DOCKET CALL.**  Parties must be prepared to discuss all aspects of trial with the Court at TIME.  Failure to appear will be grounds for dismissal for want of prosecution.

**9. 9/7/2026**   **TRIAL.**  This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

MATTHEW SCOTT MERRIOTT                                  **BEAU MILLER**
                          24100846                      **JUDGE, 190TH DISTRICT COURT**
                                                        **Date Generated: 10/6/2025**          JCVO02

# EXHIBIT A-17

**Harris County Docket Sheet**

# 2025-62686

**COURT:**　190th

**FILED DATE:**　8/26/2025

**CASE TYPE:**　OTHER CIVIL



### COOPER, RICHIE

Attorney: WADLER, MICHAEL R.

### vs.

### MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY

Attorney: WHITAKER, ANDREW C.

| Trial Settings | |
| --- | --- |
| **Date** | **Comment** |
| 9/7/2026 | Docket Set For: Trial Setting |

| Docket Sheet Entries | |
| --- | --- |
| **Date** | **Comment** |